# UNITED STATES DISTRICT COURT
# DISTRICT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KAYLA GORE; JASON SCOTT; L.G.; and K.N., <br><br> *Plaintiffs*, <br><br> v. <br><br> WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee; and LISA PIERCEY, in her official capacity as Commissioner of the Tennessee Department of Health, <br><br> *Defendants*. | Civil Action No. 3:19-cv-328 <br><br> Jury Trial Demanded |

## PLAINTIFF L.G.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

Plaintiff L.G. (hereinafter "Plaintiff"), by and through her undersigned counsel, respectfully submits the following memorandum of law in support of her motion for leave to proceed pseudonymously and for a protective order, in order to protect her identity from public disclosure.

## INTRODUCTION

Plaintiff, a transgender woman born in Tennessee and living in Kentucky, is challenging the constitutionality of Tennessee's policy and practice of categorically barring transgender people from correcting the gender marker on their birth certificates, consistent with their gender identity (the "Birth Certificate Policy"). She seeks an order of protection and leave to proceed pseudonymously because disclosure of her identity, including her transgender status, could put her at serious risk of harm and disclosure of her identity would cause her to sustain the injury that this litigation seeks to avert.

Plaintiff lives a private life and the fact that she is transgender is not publicly known, outside of a limited number of people who are mostly close and personal relationships. Her identity and transgender status are not known by people in her workplace and larger community. While she has since been able to correct the gender marker on all of her identity documents aside from her birth certificate, Plaintiff was forced to disclose her transgender status, via inaccurate identity documents, to limited human resources personnel at her employer in order to secure that employment.

As a transgender woman, Plaintiff is a member of a stigmatized group that frequently encounters discrimination, harassment, and even violent physical assault, including murder. A person's transgender status and medical history is highly personal, private information, the forcible disclosure of which, as Plaintiff alleges in her complaint, violates her constitutional right to privacy. Requiring transgender people whose identity and transgender status are not publicly known, such as Plaintiff, to disclose their identities in court records in order to vindicate their constitutional rights, including their fundamental right to privacy, subjects them to the very harms they seek to remedy and prevent, and puts them at risk of significant harm, including stigmatization, discrimination, harassment, and even violence.

Accordingly, Plaintiff respectfully asks this Court for permission to bring this action under an assumed name, under her initials, for the purpose of protecting her identity from public disclosure. Plaintiff does not object to providing her actual name to Defendants and the Court, though Plaintiff requests that the Court enter a protective order barring further dissemination of her name and requiring that any documents containing her name be filed under seal. Finally, in moving to proceed under a pseudonym and to seal any document revealing her true identity,

Plaintiff does not intend to prevent the public from observing the proceedings or rulings of this court, but only to prevent disclosure of her identity.

## ARGUMENT

As a general matter, a complaint must usually state the names of all parties, Fed. R. Civ. P. 10(a), however, a court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Indeed, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted). This court may excuse Plaintiff from filing under her own name if it finds that her privacy interests outweigh the typical presumption of keeping judicial proceedings open. *See Porter*, 370 F.3d at 560.[1]

In evaluating a request for anonymity, "the court should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Pl. B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (citation and quotation omitted); *see also Porter*, 370 F.3d at 560; *Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *James v. Jacobson*, 6 F.3d at 238; *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). *Cf. Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (noting that "it is proper to weigh the public interest in determining whether some form of anonymity is warranted.").

---

[1] The Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiffs' privacy. *See Roe v. Wade,* 410 U.S. 113 (1973) (abortion); *Doe v. Bolton,* 410 U.S. 179 (1973) (abortion); *Poe v. Ullman,* 367 U.S. 497 (1961) (birth control).

The Sixth Circuit has identified four factors this Court should consider in determining whether a plaintiff may proceed anonymously. *See Porter*, 370 F.3d at 560. The two factors relevant here are (1) "whether the plaintiff[] seeking anonymity [is] suing to challenge governmental activity," and (2) "whether prosecution of the suit will compel the plaintiff[] to disclose information 'of the utmost intimacy.'"[2] *Id.* Both factors weigh in Plaintiff's favor.

In addition, this Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon Plaintiff's motion for good cause shown. Fed. R. Civ. P. 26(c). Here, Plaintiff's substantial privacy interests provide good cause for the protective order she seeks.

### A. Denial of the Motion to Proceed Pseudonymously Would Cause the Injury This Litigation Challenging a Governmental Policy Seeks to Avoid.

Plaintiff is challenging a government policy, and Defendants are all governmental actors. Specifically, she and other plaintiffs are challenging the constitutionality of Tennessee's Birth Certificate Policy and its enforcement by Defendants, as well as the burdens it places on the rights of transgender people.

One of Plaintiff's claims is that Tennessee's Birth Certificate Policy impermissibly violates her constitutional right to privacy by forcing the disclosure of her identity and transgender status and putting her at risk of serious harm. The remedy she seeks in her complaint is an order from this court requiring the state to correct the gender marker on her birth certificate so that her transgender identity is not revealed every time she produces her birth certificate, thus substantially lessening the risk of harm. "Requiring [Plaintiff] to reveal h[er] identity would cause h[er] to

---

[2] The other two *Porter* factors are (1) whether the plaintiff is a child and (2) whether the plaintiff's identity would put her at risk of criminal prosecution. Neither is relevant here.

sustain the very same injury—*i.e.*, a violation of h[er] privacy." *Foster v. Andersen*, No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019). It would be paradoxical and unjust to require a plaintiff to disclose in public the very information she seeks to prevent from disclosure through this case. "Justice should not carry such a high price." *Francis*, 631 F.3d at 1319. The Court should give due consideration to Plaintiff's concerns about being forced to maintain the suit in her own name. *Id.*

Put simply, Tennessee's Birth Certificate Policy constitutes governmental activity that is being challenged on *privacy* grounds. The first *Porter* factor weighs heavily in favor of Plaintiff proceeding pseudonymously. *See* Order, *Ray v. Himes*, No. 2:18-cv-00272-MHW-CMV (S.D. Ohio Apr. 5, 2018) (Dkt. 9), at 2.

### B. Denial of the Motion to Proceed Pseudonymously Would Necessarily Require The Disclosure of Highly Sensitive and Personal Information.

Plaintiff's challenge to Tennessee's Birth Certificate Policy is based on the need to protect her from the disclosure of highly personal and sensitive information, namely, Plaintiff's transgender status and medical history. Specifically, the disclosure of Plaintiff's identity would mean the disclosure of her transgender status and diagnosis of gender dysphoria. However, courts have recognized that a person's transgender status is of an "excruciatingly private and intimate nature" that "is really beyond debate" "for persons who wish to preserve privacy in the matter." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999); *see also Foster*, 2019 WL 329548, at *2 ("the disclosure of C.K.'s identity would reveal matters of a highly sensitive and personal nature, specifically C.K.'s transgender status and his diagnosed medical condition—gender dysphoria"); *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018) (holding that "forced disclosure of a transgender person's most private information," that being "their transgender status," violates "their constitutional right to informational privacy"); *Love v. Johnson*,

146 F. Supp. 3d 848, 856 (E.D. Mich. 2015) (finding that "requiring Plaintiffs to disclose their transgender status . . . directly implicates their fundamental right of privacy."), *reconsideration denied*, No. 15-11834, 2016 WL 106612 (E.D. Mich. Jan. 10, 2016); *K.L. v. State*, No. 3AN-11-05431 CI, 2012 WL 2685183, at *6 (Alaska Super. Ct. Mar. 12, 2012) ("The Court agrees that one's transgender[] status is private, sensitive personal information" and "is entitled to protection."). Simply put, one's gender identity is "among the most intimate parts of one's life." *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. July 6, 1992). "Disclosing that one is transgender involves a deep personal choice which the government cannot compel, unless disclosure furthers a valid public interest." *Arroyo Gonzalez*, 305 F. Supp. 3d at 333.

Recognizing the highly personal and sensitive nature of a person's transgender status, courts have routinely allowed transgender litigants to proceed under pseudonym. *See, e.g.*, *Foster*, 2019 WL 329548, at *2 (allowing transgender plaintiff challenging Kansas's birth certificate policy to proceed pseudonymously); Order, *Ray v. Himes*, at 2 (allowing transgender plaintiff challenging Ohio's birth certificate policy to proceed anonymously); Order, *Arroyo Gonzalez v. Rossello Nevares*, No. 3:17-cv-01457-CCC (D.P.R. June 22, 2017) (Dkt. 25) (allowing transgender plaintiff challenging Puerto Rico's birth certificate policy to proceed pseudonymously); *F.V. v. Barron*, 286 F. Supp. 3d 1131 (D. Idaho 2018); *Doe v. D.C.*, No. CV 13-878 (RDM), 2016 WL 6088262 (D.D.C. Oct. 18, 2016); *Love*, 146 F. Supp. 3d 848; *Doe v. United Consumer Fin. Servs.*, 2001 WL 34350174 (N.D. Ohio Nov. 9, 2001); *Blue Cross*, 794 F. Supp. at 74 (allowing transgender plaintiff to proceed pseudonymously because "[a]s a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion"); *McClure v. Harris*, 503 F. Supp. 409 (N.D. Cal. 1980), *rev'd on*

*other grounds, sub nom. Schweiker v. McClure*, 456 U.S. 188 (1982); *Doe v. McConn*, 489 F. Supp. 76, 77 (S.D. Texas 1980); *Doe v. Alexander*, 510 F. Supp. 900 (D. Minn. 1981).

Moreover, Plaintiff's complaint involves and reveals her diagnosis of gender dysphoria, a medical condition. If this motion is not granted, this medical information will be released publicly. *See Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir. 2000) (concluding plaintiff "alleged a violation of a constitutional right to privacy in the nondisclosure of information regarding one's HIV status by a government official"); *cf. Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 549 (D.N.J. 2006) (noting that "many courts have recognized pseudonym use" in cases involving mental health). Accordingly, a medical condition such as gender dysphoria, which is highly private information, warrants protection from disclosure. *See Powell*, 175 F.3d at 112 ("transsexuals are among those who possess a constitutional right to maintain medical confidentiality.").

Based on the above, the Court should find Plaintiff's privacy interest sufficient to proceed anonymously. Disclosure of Plaintiff's identity and transgender status "would equate to a disclosure of information 'of the utmost intimacy.'" Order, *Ray v. Himes*, at 2 (quoting *Porter*, 371 F.3d at 560).

### C. Disclosure of Plaintiff's Identity Would Expose Her to Stigmatization, Discrimination, Harassment, and Violence.

Plaintiff has a credible fear that she will come to harm if her identity, including her transgender status and related private medical information, becomes known to the public in connection with this litigation against the State of Tennessee. Transgender persons publicly identified as such risk hostility, harassment, and physical assault. These "fears are justified." *Foster*, 2019 WL 329548, at *2.

Forced disclosure of transgender status "exposes transgender individuals to a substantial risk of stigma, discrimination, intimidation, violence, and danger." *Arroyo Gonzalez*, 305 F. Supp. 3d at 333. "There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity." *Whitaker ex rel. Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017); *see also Powell*, 175 F.3d at 111; *Adkins v. City of New York*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015); *Brocksmith v. United States*, 99 A.3d 690, 698 n.8 (D.C. 2014). As one court acknowledged, "there exist numerous documented instances of those targeted for violence based on their sexual orientation or gender identity." *In re E.P.L.*, 891 N.Y.S. 2d 619, 621 (Sup. Ct. 2009) (noting that although petitioner did not describe a history of violence against himself personally, his fear based on other known instances of violence against transgender persons was a valid reason for allowing his name change without publication).

These risks are especially acute for women who are transgender, like Plaintiff. In a recent survey of transgender people across the United States, 18% of transgender women had lost a job because of their gender identity, 38% had been physically attacked and 21% had been sexually assaulted in school on account of being transgender, and 48% had been subjected to unequal treatment, verbally harassed, and/or physically attacked in the past year. *See* Sandy E. James, et al., Nat'l Ctr. for Transgender Equality, *The Report of the 2015 U.S. Transgender Survey* (2016), at 133, 134, 150, 198, *available at* https://perma.cc/4KL5-XPE3. As a transgender woman, Plaintiff is a member of a particularly vulnerable community, and publicly revealing her identity and her transgender status would increase her risk of experiencing harm ranging from humiliation and discrimination to harassment or even physical violence. This fear is well-founded and based

on the widespread and well-documented hostility towards transgender women—as well as animosity that Plaintiff herself has experienced.

These considerations are even more acute for transgender people in Tennessee or Kentucky, like Plaintiff. There is no question that transgender people living in Tennessee or Kentucky face particularly high rates of discrimination, harassment, and violence. For example, 31% of Tennessean and 21% of Kentuckian transgender people who have shown an identity document with a name or gender that did not match their gender presentation report having been verbally harassed, denied benefits or service, asked to leave, or assaulted. Nat'l Ctr. for Transgender Equality, *2015 U.S. Transgender Survey: Tennessee State Report* (2017), at 3, *available at* https://perma.cc/AX4Z-SF64; Nat'l Ctr. for Transgender Equality, *2015 U.S. Transgender Survey: Kentucky State Report* (2017), at 3, *available at* https://perma.cc/FP8R-LL65.

Because of the documented stigma that transgender people experience and the risks they face based on their transgender status, courts regularly allow transgender plaintiffs to proceed under pseudonym. *See, e.g.*, *Foster*, 2019 WL 329548, at *2; *Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-cv-524, 2016 WL 4269080, at *5 (S.D. Ohio August 15, 2016) (allowing minor transgender plaintiff to proceed as Jane Doe and recognizing that "some courts have allowed non-minor transgender plaintiffs to proceed anonymously due to the social stigma associated with their gender identity"); *Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) ("Several courts have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure"); *Blue Cross*, 794 F. Supp. at 75 (granting transgender plaintiff's request to proceed

anonymously because "[a]s a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion").

Plaintiff has alleged that the disclosure that would result from denying her motion would place her at risk of serious harm. Based on the above, her fears are reasonable, and the harm threatened is severe. Her requested protective order is necessary to safeguard not only her privacy, but also her safety.

### D. Granting Plaintiff's Motion Would Cause No Prejudice to Defendants.

The Sixth Circuit also directs courts to consider whether defendants will have sufficient information to fully defend the case if a plaintiff's requested protective order is issued. *See Porter*, 370 F.3d at 560. Where knowledge of the plaintiff's identifying information may be necessary to the defendant's ability to present a defense, the trial court may order that plaintiff's identity be disclosed to the defendant but limit disclosure of the plaintiff's personal information to the public. *See id.* at 560-61.

Here, Plaintiff merely seeks an order that would limit disclosure of her personal information to the public – she does not seek to withhold her identity from Defendants or the Court. Allowing Plaintiff to proceed under pseudonym under these conditions will not prejudice Defendants, who will have access to Plaintiff's name and will only be barred from using or disclosing Plaintiff's name to the public or outside the litigation. Thus, the proposed protective order would not hamper the Defendants' ability to present a defense. As in *Porter*, "it is unclear how [the Court's grant of the protective order] would . . . hinder[] [the Defendant's] preparation" of the case because the Defendants here would still be able "to obtain all the necessary information to address" the issues in this case without public disclosure of Plaintiff's identity. *Id.* at 561.

## CONCLUSION

Disclosure of Plaintiff's identity and status as a transgender person carries a real and substantial risk of harm. Plaintiff should not be required to risk exacerbating the very harms she is attempting to alleviate through this litigation. A protective order is thus necessary to prevent Plaintiff from the involuntary disclosure of sensitive personal and medical information, harassment, discrimination, or physical harm. Plaintiff's privacy interests significantly outweigh any public interest in knowing her identity, and a protective order would not prejudice Defendants' ability to defend themselves. For these and foregoing reasons, Plaintiff respectfully moves this court to grant her motion to proceed pseudonymously under her initials and enter the Proposed Order of Protection filed contemporaneously with Plaintiff's motion.

Dated: April 23, 2019

Respectfully submitted,

*s/John T. Winemiller*

| | |
|---|---|
| Stuart C. Plunkett* | John T. Winemiller (TN 021084) |
| BAKER BOTTS L.L.P. | MERCHANT & GOULD |
| 101 California Street, Suite 3600 | 9717 Cogdill Road, Suite 101 |
| San Francisco, CA 94111 | Knoxville, TN 37932 |
| Phone: (415) 291-6200 | Phone: (865) 380-5960 |
| Facsimile: (415) 291-6300 | Facsimile: (612) 332-9081 |
| stuart.plunkett@bakerbotts.com | JWinemiller@merchantgould.com |
| | |
| Maddy Dwertman* | Omar Gonzalez-Pagan* |
| BAKER BOTTS L.L.P. | LAMBDA LEGAL DEFENSE AND |
| 98 San Jacinto Boulevard, Suite 1500 |     EDUCATION FUND, INC. |
| Austin, TX 78701-4078 | 120 Wall Street, 19th Floor |
| Phone: (512) 322-2500 | New York, NY 10005-3919 |
| Facsimile: (512) 322-2501 | Telephone: (212) 809-8585 |
| maddy.dwertman@bakerbotts.com | Facsimile: (212) 809-0055 |
| | ogonzalez-pagan@lambdalegal.org |
| Brandt Thomas Roessler* | |
| BAKER BOTTS L.L.P. | Tara L. Borelli* |
| 30 Rockefeller Plaza | LAMBDA LEGAL DEFENSE AND |
| New York, NY 10112-4498 |     EDUCATION FUND, INC. |
| Phone (212) 408-2500 | 730 Peachtree Street NE, Suite 640 |
| Facsimile: (212) 408-2501 | Atlanta, GA 30318-1210 |
| brandt.roessler@bakerbotts.com | Telephone: (404) 897-1880 |
| | Facsimile: (404) 897-1884 |
| Kathryn S. Christopherson* | tborelli@lambdalegal.org |
| BAKER BOTTS L.L.P. | |
| 1001 Page Mill Rd., Bldg. One, Suite 200 | Sasha Buchert* |
| Palo Alto, CA 94304-1007 | LAMBDA LEGAL DEFENSE AND |
| Phone: (650) 739-7500 |     EDUCATION FUND, INC. |
| Facsimile: (650) 739-7699 | 1776 K Street NW, Suite 722 |
| kathryn.christopherson@bakerbotts.com | Washington, DC 20006 |
| | Telephone: (202) 804-6245 |
| * Application for admission *pro hac vice* forthcoming. | sbuchert@lambdalegal.org |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER AND FOR LEAVE TO PROCEED ANONYMOUSLY

12

Case 3:19-cv-00328   Document 7   Filed 04/24/19   Page 12 of 13 PageID #: 67

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2019 I filed the foregoing *Plaintiff L.G.'s Memorandum of Law in Support of Motion for Leave to Proceed Pseudonymously* electronically through the Court's CM/ECF system. Parties may access this filing through the Court's system. In addition, a process server will serve via hand-delivery a copy of this document on the defendants, William Byron Lee and Lee Piercey, along with the Summons and Complaint.

*s/ John T. Winemiller*
John T. Winemiller
