UNITED STATES DISTRICT COURT DISTRICT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KAYLA GORE; JASON SCOTT; L.G.; and K.N., <br><br> *Plaintiffs*, <br><br> v. <br><br> WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee; and LISA PIERCEY, in her official capacity as Commissioner of the Tennessee Department of Health, <br><br> *Defendants*. | No. 3:19-CV-00328 <br><br> DISTRICT JUDGE RICHARDSON <br> MAGISTRATE JUDGE HOLMES |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

**A.    JURISDICTION**

Venue and jurisdiction in this case are based on original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the laws and the Constitution of the United States and address the deprivation, under color of state law, of rights secured by the United States Constitution.

**B.    BRIEF THEORIES OF THE PARTIES**

<u>For Plaintiffs</u>:  Plaintiffs allege that Defendants, through their continued enforcement of Tennessee's Birth Certificate Policy, which categorically bars transgender people born in Tennessee from obtaining birth certificates reflecting their true sex, consistent with their gender identity, have violated and continue to violate the constitutional rights of transgender persons born in Tennessee, including those protected by the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Free Speech Clause of the First Amendment of the United States Constitution.

1

For Defendants: Plaintiffs have not stated cognizable claims under the Equal Protection Clause, Due Process Clause, or the First Amendment to the United States Constitution. Plaintiffs' Equal Protection claim fails because Plaintiffs failed to allege disparate treatment, Tennessee's law is facially neutral and without discriminatory intent, and either way, Tennessee's law survives the applicable level of scrutiny. Plaintiffs' substantive due process claim to informational privacy fails because Plaintiffs fail to allege a fundamental right is at issue, and because Defendants have not disclosed Plaintiffs' transgender status. Plaintiffs' substantive due process claim to personal autonomy fails because a fundamental right to dictate which sex is listed on one's birth certificate is not recognized by the Sixth Circuit or Supreme Court. Finally, Plaintiffs' First Amendment compelled speech claim fails because the sex designation on their birth certificate is government speech and not private speech, thus Plaintiffs lack any First Amendment right to express their views through that medium. But even if the sex designation is private speech, Plaintiffs' have failed to plausibly allege they have been compelled by Defendants to present their birth certificates to third parties.

**C. ISSUES RESOLVED**

The parties agree that venue and jurisdiction in this case are proper.

**D. ISSUES STILL IN DISPUTE**

All other issues remain in dispute.

**E. INITIAL DISCLOSURES**

The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by Friday, June 21, 2019.

**F.     CASE RESOLUTION PLAN AND JOINT STATUS REPORTS**

By no later than Tuesday, October 22, 2019, the parties shall submit a joint report confirming that the parties made a first good-faith attempt to resolve the case. The joint report shall also state whether the parties request referral of the case for ADR. An updated joint report shall be filed by no later than Tuesday, June 23, 2020, and shall confirm that the parties made a second good-faith attempt at case resolution or update the Court on the status of the intended second attempt. If a judicial settlement conference is requested in either joint report, the parties shall also state: (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

**G.     DISCOVERY**

The parties shall complete all written discovery and depose all fact witnesses on or before Tuesday, May 26, 2020. Written discovery shall be served by no later than Thursday, April 23, 2020. Discovery is not stayed pending dispositive or other motions, unless ordered by the Court.

No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after good faith discussions should be brought promptly to the attention of the Magistrate Judge either by a request for a discovery conference or a discovery motion, and all discovery motions shall be filed by no later than Tuesday, June 23, 2020. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01 but must clearly state in the filing made in

3

accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

### H. MOTIONS TO AMEND OR TO ADD PARTIES

Any motions to amend or to add parties shall be filed by no later than <u>Tuesday, September 3, 2019</u>, and must comply with Local Rules 7.01 and 15.01.

### I. DISCLOSURE AND DEPOSITIONS OF EXPERTS

Plaintiffs propose, in accordance with FRCP 26(a)(2)(D)(i), that <u>both parties</u> shall identify and disclose all expert witnesses and expert reports on or before <u>Thursday, January 23, 2020</u>. Defendants propose that <u>Plaintiffs</u> shall identify and disclose all expert witnesses and expert reports on or before <u>Thursday, January 23, 2020</u>, and that <u>Defendants</u> shall identify and disclose all expert witnesses and reports on or before <u>Monday, February 24, 2020</u>.

The parties agree that, in accordance with Federal Rule of Civil Procedure 26(a)(2)(D)(ii), expert witnesses and reports intended solely to contradict or rebut evidence on the same subject matter identified by an opposing party shall be identified and disclosed within <u>30 days</u> after the disclosure they are intended to contradict or rebut.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Federal Rule of Civil Procedure 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by <u>Tuesday, May 26, 2020</u>.

4

Case 3:19-cv-00328 Document 31 Filed 06/19/19 Page 4 of 7 PageID #: 165

**J.      SUBSEQUENT CASE MANAGEMENT CONFERENCE**

A subsequent case management conference shall be held on _____, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Plaintiffs' counsel shall initiate the call.

**K.      DISPOSITIVE MOTIONS**

As provided above, the parties must attempt to resolve the case prior to the deadline for the filing of dispositive motions. Dispositive motions shall be filed by no later than <u>Thursday, July 23, 2020</u>. Responses to dispositive motions shall be filed within <u>28 days</u> after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed <u>25 pages</u>. Optional replies may be filed within <u>14 days</u> after the filing of the response and shall not exceed <u>5 pages</u>.

**L.      ELECTRONIC DISCOVERY**

The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No.174 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply.

**M.      MODIFICATION OF CASE MANAGEMENT ORDER**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not

be necessary for the Court to review one or more previous case management orders in consideration of the motion; and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Federal Rule of Civil Procedure 16(b)(4).

**N.      REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS**

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. In this case, the need to maintain the identities of Plaintiffs L.G. and K.N. is enough to overcome that presumption. *See* Docs. 22-23. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in

proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

## O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE

The <u>JURY</u> trial of this action is expected to last approximately <u>2 to 3</u> days.  A trial date no earlier than <u>Monday, October 26, 2020</u>, is respectfully requested.

It is so ORDERED.

_____
BARBARA D. HOLMES
U.S. Magistrate Judge