# UNITED STATES DISTRICT COURT DISTRICT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KAYLA GORE; JASON SCOTT; L.G.; and K.N., <br><br> *Plaintiffs*, <br><br> v. <br><br> WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee; and LISA PIERCEY, in her official capacity as Commissioner of the Tennessee Department of Health, <br><br> *Defendants*. | No. 3:19-CV-0328 <br><br> DISTRICT JUDGE RICHARDSON <br> MAGISTRATE JUDGE HOLMES |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on June 24, 2019. Counsel appearing were: John Winemiller, Tara Borelli, and Brandt Roessler for Plaintiffs and Dianna Shew, Nicholas Barry, and Sara Sedgwick for Defendants. From the proposed initial case management order submitted by the parties (Docket No. 31) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the following case management schedule and plan is adopted.

### A. JURISDICTION

Venue and jurisdiction in this case are based on original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the laws and the Constitution of the United States and address the deprivation, under color of state law, of rights secured by the United States Constitution.

### B. BRIEF THEORIES OF THE PARTIES

For Plaintiffs: Plaintiffs allege that Defendants, through their continued enforcement of Tennessee's Birth Certificate Policy, which categorically bars transgender people born in

1

Tennessee from obtaining birth certificates reflecting their true sex, consistent with their gender identity, have violated and continue to violate the constitutional rights of transgender persons born in Tennessee, including those protected by the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Free Speech Clause of the First Amendment of the United States Constitution.

<u>For Defendants</u>:  Plaintiffs have not stated cognizable claims under the Equal Protection Clause, Due Process Clause, or the First Amendment to the United States Constitution.  Plaintiffs' Equal Protection claim fails because Plaintiffs failed to allege disparate treatment, Tennessee's law is facially neutral and without discriminatory intent, and either way, Tennessee's law survives the applicable level of scrutiny.  Plaintiffs' substantive due process claim to informational privacy fails because Plaintiffs fail to allege a fundamental right is at issue, and because Defendants have not disclosed Plaintiffs' transgender status.  Plaintiffs' substantive due process claim to personal autonomy fails because a fundamental right to dictate which sex is listed on one's birth certificate is not recognized by the Sixth Circuit or Supreme Court.  Finally, Plaintiffs' First Amendment compelled speech claim fails because the sex designation on their birth certificate is government speech and not private speech, thus Plaintiffs lack any First Amendment right to express their views through that medium.  But even if the sex designation is private speech, Plaintiffs' have failed to plausibly allege they have been compelled by Defendants to present their birth certificates to third parties.

**C.    ISSUES RESOLVED**

The parties agree that venue and jurisdiction in this case are proper.

**D.    ISSUES STILL IN DISPUTE**

All other issues remain in dispute.

E.  **INITIAL DISCLOSURES**

The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by **Friday, July 12, 2019**.  The initial disclosures must include copies (not descriptions) of responsive documents.  If the documents are not presently in the possession of the disclosing party, the documents may be described, but that party's initial disclosures must be promptly supplemented with copies of the documents.  Upon the agreement of the parties, Defendants are permitted to initially provide a sampling of third-party requests for vital statistics information and the State's response.

F.  **CASE RESOLUTION PLAN AND JOINT CASE RESOLUTION STATUS REPORTS**

The parties must make a minimum of two independent, substantive attempts to resolve this case.  By no later than **Tuesday, October 22, 2019**, the parties must file a joint case resolution status report confirming that the parties made a first good-faith attempt to resolve the case.  The parties must have conducted enough discovery by this date to substantively evaluate and discuss settlement. A second joint report must be filed by no later than **Tuesday, June 23, 2020**, either confirming that the parties made a second good-faith attempt at case resolution or updating the Court on the status of the intended second attempt.  The parties may mediate by agreement without the need of further order.  The mediation must be completed by the dispositive motion deadline and the scheduling of the mediation must not require the extension of any case management deadline.  Any request of the parties for a judicial settlement conference must be made by no later than **Friday, April 17, 2020**, and must also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional.

3

## G. DISCOVERY

The parties shall complete all written discovery and depose all fact witnesses on or before **Friday, May 29, 2020**. Written discovery shall be served by no later than **Friday, April 17, 2020**. Discovery is not stayed pending dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the discretion of the Magistrate Judge whether to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the affected parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for every affected party held the required telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

## H. MOTIONS TO AMEND OR TO ADD PARTIES

Any motions to amend or to add parties must be filed by no later than **Friday, January 10, 2020**, and must comply with Local Rules 7.01 and 15.01.

## I. DISCLOSURE AND DEPOSITIONS OF EXPERTS

Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **Thursday, January 23, 2020**, and Defendants shall identify and disclose all expert witnesses and reports on or before **Monday, February 24, 2020**. Rebuttal experts as to any issues previously addressed by the opposing parties' expert(s) shall be permitted only by leave of court. However, unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Federal Rule of Civil Procedure 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **Friday, May 29, 2020**.

## J. SUBSEQUENT CASE MANAGEMENT CONFERENCE

A subsequent case management conference shall be held telephonically on **Wednesday, March 25, 2020, at 10:00 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of a judicial settlement conference or other ADR); and, any other appropriate matters. Plaintiffs' counsel shall initiate the call.

## K. DISPOSITIVE MOTIONS

As provided above, the parties must attempt to resolve the case prior to the deadline for the filing of dispositive motions. Dispositive motions shall be filed by no later than **Thursday, July 23, 2020**. Responses to dispositive motions shall be filed within **28 days** after the filing of

the motion.  Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages.  Optional replies may be filed within **14 days** after the filing of the response and shall not exceed 5 pages.  No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

L. ELECTRONIC DISCOVERY

The parties anticipate reaching an agreement on how to conduct electronic discovery.  Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.  In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

M. MODIFICATION OF CASE MANAGEMENT ORDER

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline.  Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension.  The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion; and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response

and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Federal Rule of Civil Procedure 16(b)(4).

**N.    ATTORNEYS**

Entry of an appearance or otherwise participating as counsel of record is a representation that the attorney will be prepared to conduct the trial of this action, from which an attorney may only be relieved by approval of the Court.

**O.    ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**

The **JURY** trial of this action is expected to last **approximately 2 to 3 days**. A trial date no earlier than **Tuesday, January 5, 2021**, is respectfully requested.[1] An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Richardson.

It is so ORDERED.

_____
BARBARA D. HOLMES
U.S. Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by a Magistrate Judge.