UNITED STATES DISTRICT COURT DISTRICT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KAYLA GORE; JASON SCOTT; L.G.; and K.N., <br><br> *Plaintiffs*, <br><br> v. <br><br> WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee; and LISA PIERCEY, in her official capacity as Commissioner of the Tennessee Department of Health, <br><br> *Defendants*. | No. 3:19-CV-00328 <br><br> DISTRICT JUDGE RICHARDSON <br> MAGISTRATE JUDGE HOLMES |

## STIPULATED PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary to prevent injury through use not in connection with the prosecution of this litigation and disclosure to persons other than those involved.

For good cause shown under Fed. R. Civ. P. 26(c), the Court hereby enters the following Protective Order:

1. Documents or information produced or provided by the parties during the course of discovery in the above-styled matter may be designated as "Confidential Information" so long as

1

the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. For purposes of this Order, the following definitions shall apply:

(a) "Document" means all written, recorded, or graphic material, in hard copy or electronic format and any duplicates or copies made thereof, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

(b) "Confidential Information" means non-public information that a party designates in good faith as having been previously maintained in a confidential manner and that should be protected from disclosure or use outside this litigation because its disclosure or use is either restricted by statute or could potentially cause harm to the interests of the disclosing party, the receiving party, or non-parties. The parties agree that the following categories of information or documents may constitute Confidential Information for the purposes of this Order:

(i) Personal information, including but not limited to: home addresses, telephone numbers, email addresses, dates of birth, Social Security numbers, health records, counseling records, health insurance records, employment history, job performance records, income or wages, employment benefits, and any public assistance benefits;

(ii) Information that identifies, directly or indirectly, Plaintiffs L.G. or K.N., for whom the Court entered Orders Granting Leave to Proceed Pseudonymously on May 9, 2019;

(iii) Vital records, vital statistics data, and other personal information maintained by Defendants relating to parties and non-parties to this litigation;

(iv) Non-public, confidential, sensitive, or proprietary information and documents regarding the Defendants' operations, including, but not limited to, information about the Defendants' business relationships, job descriptions, organizational structure, policies, programs, methods and/or procedures, practices, training materials, intellectual property, or other information and documentation which, if publicly disclosed, could, to the detriment of Defendants, reveal insight into the day-to-day processes and procedures utilized by Defendant to carry out their business or governmental functions; and

(v) Information received in confidence from third parties.

(c) "Attorneys' Eyes Only Information" means non-public, highly-sensitive business, governmental, or personal information the disclosure of which is reasonably likely to result in significant harm to an individual or the parties. This definition can be broadened at any time by stipulation of the parties.

(d) "Producing Party" means a party that produces Confidential Information or Attorneys' Eyes Only Information (together, "Confidential or Attorneys' Eyes Only Information") in connection with this litigation.

(e) "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential or Attorneys' Eyes Only Information in connection with this litigation.

3. To designate Confidential or Attorneys' Eyes Only Information on Documents, the Producing Party shall place a stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential or Attorneys' Eyes Only Information. To designate Confidential or Attorneys' Eyes Only Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until thirty (30) days after receipt of the transcript. Such designation must be specific as to the portions of the transcript or any exhibits to be protected. The terms of this Protective Order shall apply both retroactively and prospectively to all documents produced and designated as "Confidential" or "Attorneys' Eyes Only" in this case, whether the documents were designated as such before or after the entry of this Protective Order.

4. The Recipient of Confidential Information shall use that information solely in connection with this litigation, and shall not disclose Confidential Information to any person except:

(a) The parties to this litigation, including any employees, agents, and representatives of the parties;

(b) Counsel for the parties and employees and agents of counsel;

4

(c) The court and court personnel, including any special master appointed by the court, and members of the jury;

(d) Court reporters, recorders, and videographers engaged for depositions;

(e) Any mediator appointed by the court or jointly selected by the parties;

(f) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(g) Any potential, anticipated, or actual fact witness and their counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying and only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(h) The author or recipient of the document (not including a person who received the document in the course of this litigation);

(i) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(j) Other persons only upon consent of the producing party and on such conditions as the parties may agree, or as directed by an order of this Court.

5. The Recipient of Attorneys' Eyes Only Information shall use that information solely in connection with this litigation, and shall not disclose Attorneys' Eyes Only Information to any person except:

5

(a) Counsel for the parties and employees and agents of counsel, including counsel for the Governor, the General Counsel of the Tennessee Department of Health, and agency counsel at the Tennessee Department of Health with responsibility for this litigation;

(b) The court and court personnel, including any special master appointed by the court, and members of the jury;

(c) Court reporters, recorders, and videographers engaged for depositions;

(d) Any mediator appointed by the court or jointly selected by the parties;

(e) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(f) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound.

(g) Other persons only upon consent of the producing party and on such conditions as the parties may agree, or as directed by an order of this Court.

6. Inadvertent failure to designate Confidential or Attorneys' Eyes Only Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient within fourteen (14) days upon discovery of the failure to designate.

7. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential or Attorneys' Eyes Only Information pursuant to the terms of this Order.

8. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation. Within thirty (30) days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, all documents designated as containing Confidential or Attorneys' Eyes Only Information must be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the Recipient, that party elects to destroy the documents and certifies to the producing party that it has done so.

9. If the Recipient files any motions, briefs, legal memoranda, or other papers with the Court that may disclose the contents, in whole or in part, of Confidential Information or Attorneys' Eyes Only, the Recipient shall file the document under seal with an accompanying motion to seal in accordance with Local Rule 5.03 and Section 5.07 of Administrative order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing). In addition, the party filing the document shall separately file a redacted version of the document. The Producing Party who designated or otherwise labeled the materials as Confidential or Attorneys' Eyes Only Information retains the burden of demonstrating a sound basis to seal the document and must file a response to the motion to seal, pursuant to Local Rule 7.01(a)(3), which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. Any

response, even if unopposed, must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.

10. Nothing in this Order shall be construed or presented as a judicial determination that any document or material designated as Confidential or Attorneys' Eyes Only Information is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

11. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential or Attorneys' Eyes Only Information solely on the grounds that such information is confidential or sensitive, or on any other grounds. By stipulating to this Order, the parties do not admit to the relevance, discoverability, or admissibility of any documents and preserve their rights to make such objections during the course of this litigation. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential or Attorneys' Eyes Only Information.

12. If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential or Attorneys' Eyes Only Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

13. If a Recipient discloses Confidential or Attorneys' Eyes Only Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every reasonable effort to retrieve the information disclosed and to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

14.     If a Recipient is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Attorneys' Eyes Only Information, the Recipient must so notify the Producing Party, in writing, immediately and in no event more than three (3) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Recipient also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Recipient must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its Confidential or Attorneys' Eyes Only Information in the court from which the subpoena or order issued. The Producing Party bears the burden and the expense of seeking protection in that court of its Confidential or Attorneys' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a Recipient in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential or Attorneys' Eyes Only Information designated by the other party to this litigation.

15.     The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

It is so ORDERED.

_____
BARBARA D. HOLMES
U.S. Magistrate Judge

AGREED TO AND APPROVED FOR ENTRY:

| | |
|---|---|
| */s/ John T. Winemiller* | */s/ Dianna Baker Shew* |
| John T. Winemiller | Dianna Baker Shew  BPR 012793 |
| MERCHANT & GOULD | Assistant Attorney General |
| 9717 Cogdill Road, Suite 101 | (615) 532-1969 |
| Knoxville, TN 37932 | dianna.shew@ag.tn.gov |
| Phone: (865) 380-5960 | |
| Facsimile: (612) 332-9081 | Nicholas R. Barry  BPR 031963 |
| JWinemiller@merchantgould.com | Assistant Attorney General |
| | (615) 741-8726 |
| Omar Gonzalez-Pagan* | nick.barry@ag.tn.gov |
| LAMBDA LEGAL DEFENSE AND | |
|     EDUCATION FUND, INC. | Sara E. Sedgwick  BPR 004336 |
| 120 Wall Street, 19th Floor | Senior Assistant Attorney General |
| New York, NY 10005-3919 | (615) 532-2589 |
| Telephone: (212) 809-8585 | sara.sedgwick@ag.tn.gov |
| Facsimile: (212) 809-0055 | |
| ogonzalez-pagan@lambdalegal.org | P.O. Box 20207 |
| | Nashville, TN 37202 |
| Tara L. Borelli* | |
| LAMBDA LEGAL DEFENSE AND | *Counsel for Defendants* |
|     EDUCATION FUND, INC. | |
| 730 Peachtree Street NE, Suite 640 | |
| Atlanta, GA 30318-1210 | |
| Telephone: (404) 897-1880 | |
| Facsimile: (404) 897-1884 | |
| tborelli@lambdalegal.org | |

Sasha Buchert*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
1776 K Street NW, Suite 722
Washington, DC 20006
Telephone: (202) 804-6245
sbuchert@lambdalegal.org

Stuart C. Plunkett*
BAKER BOTTS L.L.P.
101 California Street, Suite 3600
San Francisco, CA 94111
Phone: (415) 291-6200
Facsimile: (415) 291-6300
stuart.plunkett@bakerbotts.com

Maddy Dwertman\*
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
Phone: (512) 322-2500
Facsimile: (512) 322-2501
maddy.dwertman@bakerbotts.com

Brandt Thomas Roessler\*
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Phone (212) 408-2500
Facsimile: (212) 408-2501
brandt.roessler@bakerbotts.com

Kathryn S. Christopherson\*
BAKER BOTTS L.L.P.
1001 Page Mill Rd., Bldg. One, Suite 200
Palo Alto, CA 94304-1007
Phone: (650) 739-7500
Facsimile: (650) 739-7699
kathryn.christopherson@bakerbotts.com

*Counsel for Plaintiffs*
*\* Admitted pro hac vice*

**ATTACHMENT A**

**ACKNOWLEDGEMENT AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges having read the Protective Order entered on _____ in the case captioned, *Gore, et al, v. Lee*., No. 3:19-CV-00328, and, having understood the terms thereof, hereby agrees to be bound by the terms of said Protective Order. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Tennessee in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her/them to use materials designated as Confidential Information or Attorneys' Eyes Only Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Attorneys' Eyes Only Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned hereby further acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____ Signature: _____