IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAYLA GORE, JASON SCOTT, L.G., and K.N. | ) ) ) |
| Plaintiffs, | ) ) NO. 3:19-cv-00328 ) JUDGE RICHARDSON |
| v. | ) ) |
| WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee, and LISA PIERCEY, in her official capacity as Commissioner of the Tennessee Department of Health, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff Jason Scott has filed a Notice of Dismissal as to Jason Scott Without Prejudice (Doc. No. 39). Scott's Notice relates to his claims only, not to the claims of all Plaintiffs.

Although Scott cites Rule 41(a)(1)(A)(i), the Sixth Circuit has indicated that dismissal of a party, rather than of an entire action, is more proper pursuant to Fed. R. Civ. P. 21. *AmSouth v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004); *Sheet Metal Workers' Nat. Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-CV-2738, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21").

Rule 21 provides that the Court may at any time, on motion or on its own, add or drop a party. Fed. R. Civ. P. 21. Rule 41(a)(1) provides for the voluntary dismissal of an *action*, not a claim or a party. Rule 41(a)(1) gives plaintiffs an absolute right to dismiss an action before an answer or motion for summary judgment is served. *EQT Gathering, LLC v. A Tract of Property*

*Situated in Knott Cty, Ky*, Civil Action No. 12-58-ART, 2012 WL 3644968, at * 1 (E.D. Ky. Aug. 24, 2012). The Sixth Circuit has interpreted "action" to mean "the entire controversy." *Id*. Thus, in the Sixth Circuit, a notice of dismissal under Rule 41(a)(1)(A)(i) can be used to dismiss only all claims against all defendants, not individual claims or parties. *Id*.; *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018). Other circuits disagree, but district courts in this circuit routinely apply Rule 21, rather than Rule 41, when dismissing fewer than all defendants or claims. *See Doe*, 326 F.R.D. at 464 (citing cases).

This distinction between Rules 41 and 21 is not meaningless. *Doe*, 326 F.R.D. at 465. "[T]he procedural vehicle makes a difference." *EQT*, 2012 WL 3644968, at * 4. A plaintiff can *unilaterally* dismiss an action under Rule 41(a)(1)(A), but only a court can drop parties or sever claims under Rule 21. Dropping less than the entirety of an action risks prejudice to the other parties. *Doe*, 326 F.R.D. at 465. (citing *EQT*, 2012 WL 3644968, at * 3). In addition, this is a federal court, where the rules matter. *Id*.

For these reasons, the Court will construe Scott's Notice (Doc. No. 39) as a motion under Rule 21 to dismiss only his claims, not the claims of all Plaintiffs, without prejudice, and the Court must make an independent determination that dropping this party is appropriate. Rule 21 does not provide a particular standard for making such a determination, except to say that the court may add or drop a party at any time "on just terms." The decision to dismiss a party is within the discretion of the court. *Carden v. Klucznik*, 775 F. Supp. 2d 247, 251 (D. Mass. 2011).

Here, the Court has little difficulty concluding that the interests of justice support dropping this Plaintiff as requested, given both the potential for increasing judicial efficiency in resolving this dispute and the absence of any prejudice to Defendants. Accordingly, Plaintiff Jason Scott's claims against Defendants are hereby **DISMISSED** without prejudice.

2

Case 3:19-cv-00328   Document 40   Filed 07/12/19   Page 2 of 3 PageID #: 205

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

3

Case 3:19-cv-00328   Document 40   Filed 07/12/19   Page 3 of 3 PageID #: 206