# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| KAYLA GORE; JASON SCOTT; L.G.; and K.N., | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 3:19-cv-00328 |
| WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee; and LISA PIERCEY, in her official capacity as Commissioner of the Tennessee Department of Health, | ) ) ) ) ) ) | Judge Eli J. Richardson<br>Magistrate Judge Barbara D. Holmes<br><br>JURY DEMAND |
| *Defendants.* | ) ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION

Pursuant to Fed. R. Civ. P. 36, Defendants respond as follows to Plaintiffs' Requests for Admission:

### OBJECTIONS

1.      Defendants object to the extent any Definitions or Instructions exceed or are otherwise inconsistent with the requirements of the Federal Rules of Civil Procedure.

2.      Defendants object to the definition of "Birth Certificate Policy" and/or "Policy." Tennessee statutory and regulatory law mandates how and when changes may be made to a Tennessee birth certificate. There is no different or additional "policy."

3.      Defendants object to the definition of "Gender marker" because it inaccurately describes the field on a Tennessee birth certificate. Defendants assume this definition is

referencing the field on a Tennessee birth certificate labeled "sex" and responds to each Request as if it were referencing the "sex" field on a Tennessee birth certificate.

## REQUESTS FOR ADMISSION

1.  Admit that the Tennessee Department of Health and Office of Vital Records enforce a policy that effectively prohibits transgender persons from changing the gender marker indicated on Tennessee birth certificates.

**RESPONSE:** Denied. Tennessee law permits changes, corrections and amendments under certain circumstances. *See, e.g.,* Tenn. Code Ann. § 68-3-203.

2.  Admit that the Tennessee Department of Health and Office of Vital Records permit non-transgender individuals to correct the gender marker on their birth certificates.

**RESPONSE:** Defendants admit only that Tennessee law permits changes under certain circumstances. *See, e.g.,* Tenn. Code Ann. § 68-3-203.

3.  Admit that the gender marker on the birth certificate of a non-transgender person born in Tennessee is consistent with their gender identity.

**RESPONSE:** Defendants can neither admit nor deny this request. Defendants have no way of knowing each person's gender identity and no way of knowing whether persons consider themselves to be transgender or non-transgender.

4.  Admit that the gender marker on the birth certificate of a transgender person born in Tennessee is not consistent with their gender identity.

**RESPONSE:** Defendants can neither admit nor deny this request. Defendants have no way of knowing each person's gender identity and no way of knowing whether persons consider themselves to be transgender or non-transgender.

2

5.    Admit that the State of Tennessee permits transgender persons to change the gender marker on their drivers' licenses or state identification cards to be consistent with each's gender identity.

RESPONSE:  To the extent the request is asking Defendants to review all Tennessee statutes and regulations before responding, the request is not proper under Fed. R. Civ. P. 36 and Defendants object to the request. Defendants admit they are generally aware that the Tennessee Department of Safety and Homeland Security permits persons to change the sex field on their drivers' license if certain requirements are met.

6.    Admit that the federal government permits transgender people to amend the gender marker to accurately reflect their gender identity on social security records, passports, military and veteran records and consular records.

RESPONSE:  To the extent that this request seeks a recitation of federal statutes and/or regulations, Defendants object, as this would be an improper request under Fed. R. Civ. P. 36.  To the extent this request asks these Defendants to admit or deny that the federal government does or does not do certain things as a matter of fact, these Defendants can neither admit nor deny the request.

7.    Admit that the Model State Vital Statistics Act and Regulations published by the National Center for Health Statistics in 1992 expressly permit the change of the gender marker on a person's birth certificates following transition-related medical treatment.

RESPONSE:  Defendants admit that the Model State Vital Statistics Act and Regulations, 1992 Revision, published by the U.S. Department of Health and Human Services/National Center for Health Statistics (the "Model Act") contains language that permits an amendment "as prescribed by regulation" if "the sex of an individual born in this State has

3

been changed by surgical procedure." To the extent the request contradicts this language, it is denied.

8.    Admit that the Model State Vital Statistics Act and Regulations were promulgated, in part, to build a national, uniform system of vital statistics that produces records to meet statistical and research needs at the local, state, and national levels.

**RESPONSE:** Defendants admit that the Model Act contains language indicating its intent "to build a uniform system that produces records to satisfy the legal requirements of individuals and their families and also to meet statistical and research needs at the local, State, and national levels." To the extent the request contradicts this language, it is denied.

9.    Admit that Tennessee's Birth Certificate Policy is inconsistent with Model State Vital Statistics Act and Regulations.

**RESPONSE:** Defendants admit that Tennessee statutory and regulatory law is not the same, in all respects, as the language in the Model Act. Defendants deny that Tennessee statutory and regulatory law are "inconsistent" with the Model Act as the Model Act is, by its own account, "guidance" and because Tennessee statutory and regulatory law, in many respects, contains the same or similar language as the Model Act.

4

10. Admit that Tennessee's Birth Certificate Policy is inconsistent with the birth certificate policies of 48 other states, the Commonwealth of Puerto Rico, the District of Columbia, and the City of New York, New York, all of which permit transgender people born in their jurisdictions to change the gender marker on their birth certificates in a manner consistent with their gender identity.

> **RESPONSE:** This request asks Defendants to give a legal opinion on the content of Tennessee statutory and regulatory law compared with that of other jurisdictions. It is not a proper request under Fed. R. Civ. P. 36 and Defendants therefore object to the request.

11. Admit that some Tennessee statutes and regulations require or contemplate the use of birth certificates as personal identification documents.

> **RESPONSE:** Defendants admit that some Tennessee statutes and regulations may contemplate the use of birth certificates as personal identification documents. Defendants deny that some Tennessee statutes and regulations require the use of birth certificates as personal identification documents. This denial is based upon information available to the Defendants. To the extent the request is asking Defendants to review all Tennessee statutes and regulations before responding, the request is not proper under Fed. R. Civ. P. 36 and Defendants object to the request.

12. Admit that some permissible changes to Tennessee birth certificates result in the replacement of information previously contained on a birth certificate without any record of said replacement.

> **RESPONSE:** Defendants object to the use of the term "replacement" as Tennessee law uses the terms "correction," "change" and "amendment." Without waiving that objection, the request is denied.

5

13.     Admit that the Tennessee Department of Health and Office of Vital Records do not keep records of a birth certificate's original information following a change to its parentage (mother's and/or father's names(s)) field(s).

**RESPONSE:** Denied.

14.     Admit that the Tennessee Department of Health and Office of Vital Records do not keep records of a birth certificate's original information following a change to its name field.

**RESPONSE:** Denied.

15.     Admit that the Tennessee Department of Health, notwithstanding Section 68-3-203(d) of the Tennessee Code, could formulate a process for allowing transgender persons to change the gender markers on their birth certificates while maintaining accurate records and vital statistics reporting.

**RESPONSE:** Denied. The Tennessee Department of Health cannot undertake actions which contradict Tennessee law.

16.     Admit that the Tennessee Office of Vital Records, notwithstanding Section 68-3-203(d) of the Tennessee Code, could formulate a process for allowing transgender persons to change the gender markers on their birth certificates while maintaining accurate records and vital statistics reporting.

**RESPONSE:** Denied. The Tennessee Office of Vital Records cannot undertake actions which contradict Tennessee law.

17.     Admit that, if transgender persons were permitted to change the gender markers on their birth certificates, the Tennessee Department of Health could nevertheless maintain accurate records by internally creating and retaining a record evidencing that such a change has taken place.

6

**RESPONSE:** Defendants object to this request, as it seeks a response to a hypothetical question and is, therefore, outside the scope permitted by Fed. R. Civ. P. 36(a)(1).

18.     Admit that, if transgender persons were permitted to change the gender markers on their birth certificates, the Tennessee Office of Vital Records could nevertheless maintain accurate records by internally creating and retaining a record evidencing that such a change has taken place.

**RESPONSE:** Defendants object to this request, as it seeks a response to a hypothetical question and is, therefore, outside the scope permitted by Fed. R. Civ. P. 36(a)(1).

19.     Admit that the Tennessee Department of Health and Office of Vital Records do not control what content may be input into the name field(s) on Tennessee birth certificates.

**RESPONSE:** Admitted.  The content is controlled by law.

20.     Admit that the Tennessee Department of Health and Office of Vital Records does not control what content may be input into any identity field on Tennessee birth certificates.

**RESPONSE:** Denied.  "Identity field" is not a term defined by Tennessee law or otherwise defined herein.

21.     Admit that the Tennessee Department of Health and Office of Vital Records do not undertake any independent assessment to determine an individual's gender for purposes of creating and maintaining birth certificates.

**RESPONSE:**    Admitted.    However, Tennessee statutes and regulations require an institution to obtain data on sex and to include that data in its filing of the birth certificate. See, e.g., Tenn. Code Ann. § 68-3-302(a).

22.     Admit that Section 68-3-203(d) of the Tennessee Code cannot be read or interpreted without reference to sex.

**RESPONSE:** Admitted.

7

23.     Admit that Section 68-3-203(d) of the Tennessee Code implicates the notion of sex.

**RESPONSE:**  Defendants admit that the Tenn. Code Ann. § 68-3-203(d) uses the word

"sex."

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

DIANNA BAKER SHEW       BPR 012793
Senior Assistant Attorney General
(615) 532-1969
dianna.shew@ag.tn.gov
NICHOLAS R. BARRY        BPR 031963
Assistant Attorney General
(615) 741-8726
nick.barry@ag.tn.gov
SARA E. SEDGWICK   BPR 004336
Senior Assistant Attorney General
(615) 532-2589
sara.sedgwick@ag.tn.gov
Attorneys for Defendants
P.O. Box 20207
Nashville, TN  37202

*Counsel for the Defendants*

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October 2019 I served the foregoing upon the following counsel by electronic mail:

Stuart C. Plunkett
BAKER BOTTS L.L.P.
101 California Street, Suite 3600
San Francisco, CA 94111
Phone: (415) 291-6200
Facsimile: (415) 291-6300
stuart.plunkett@bakerbotts.com

Maddy Dwertman
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
Phone: (512) 322-2500
Facsimile: (512) 322-2501
maddy.dwertman@bakerbotts.com

Brandt Thomas Roessler
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Phone (212) 408-2500
Facsimile: (212) 408-2501
brandt.roessler@bakerbotts.com

Kathryn S. Christopherson
BAKER BOTTS L.L.P.
1001 Page Mill Rd., Bldg. One, Suite 200
Palo Alto, CA 94304-1007
Phone: (650) 739-7500
Facsimile: (650) 739-7699
kathryn.christopherson@bakerbotts.com

John T. Winemiller (TN 021084)
MERCHANT & GOULD
9717 Cogdill Road, Suite 101
Knoxville, TN 37932
Phone: (865) 380-5960
Facsimile: (612) 332-9081
JWinemiller@merchantgould.com

Omar Gonzalez-Pagan
LAMBDA LEGAL DEFENSE AND EDUCATION
FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005-3919
Telephone: (212) 809-8585
Facsimile: (212) 809-0055
ogonzalez-pagan@lambdalegal.org

Tara L. Borelli
LAMBDA LEGAL DEFENSE AND EDUCATION
FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: (404) 897-1880
Facsimile: (404) 897-1884
tborelli@lambdalegal.org

Sasha Buchert
LAMBDA LEGAL DEFENSE AND EDUCATION
FUND, INC.
1776 K Street NW, Suite 722
Washington, DC 20006
Telephone: (202) 804-6245
sbuchert@lambdalegal.org

Dianna Baker Shew

9