# EXHIBIT M

ORIGINAL
Senate Bill 162

BY SENATOR _Gabriel Talarico_ PRIME SPONSOR

TAPE OR PASTE SHORT TITLE BELOW

AN ACT TO enact the Vital Records Act of 1977; to provide for an Office of Vital Records within the Tennessee Department of Public Health and to institute a comprehensive statewide system of vital records; and to repeal Tennessee Code Annotated, Sections 53-401 through 53-458, inclusive, the same being all of Chapter 4 of Title 53 of the Tennessee Code Annotated.

ATTACH SPONSOR'S EXPLANATION INSIDE

## SIGNATURES OF OTHER SPONSORS

* THIS FOLDER-JACKET (FILE) IS AN INTEGRAL AND VITAL PART OF THIS MEASURE .. DO NOT REMOVE! DO NOT DEFACE!

## SENATE ACTION

P1R _2-28_ 19 _77_
P2R _3-2_ 19 _77_

### STANDING COMMITTEE ON:

Gen Wel

ACTION: FOR PASSAGE **FOR PASSAGE W/A**
DATE: _3-16-77_ ____ CHMN.

ACTION: FOR PASSAGE FOR PASSAGE W/A
DATE: ____ CHMN.

### COMMITTEE ON CALENDAR

RECEIVED _3-16-77_ 19 _77_
REPORTED OUT _3-16_ _77_
FOR CALENDAR _3-21_ 19 _77_
____ CHMN.
SPECIAL ORDER _3-23_ 19 _77_
SPECIAL ORDER ____ 19
Amended
P3R _3-23_ 19 _77_

HB NO. ____ SUBSTITUTED FOR
____ 19

CHIEF CLERK, SENATE

## HOUSE ACTION

P1R _3-24_ 19 _77_
P2R ____ 19

### STANDING COMMITTEE ON:

ACTION: FOR PASSAGE
FOR PASSAGE W/A
DATE: ____ CHMN.

ACTION: FOR PASSAGE
FOR PASSAGE W/A
DATE: ____ CHMN.

### COMMITTEE ON CALENDAR AND RULES

RECEIVED ____ 19
REPORTED OUT ____ 19
FOR CALENDAR ____ 19
____ CHMN.
SPECIAL ORDER ____ 19
SPECIAL ORDER ____ 19

SUBSTITUTED FOR HOUSE BILL NO. _420_
amended
P3R ____ 19 _77_

CHIEF CLERK, HOUSE

OTHER SPONSORS (OVER)

FURTHER HOUSE ACTION (OVER)

AMENDMENT NO. 4

Signature of Sponsor

AMEND    Senate    BILL    No. 162
         House            No. ~~435~~    by

adding at the end of part (1) of subsection (e) of Section 6,
the following:

> except that where the mother though married
> has retained her maiden surname, then on ~~xx~~ sworn
> application of both parents, the child's surname
> to be entered on the birth certificate ~~shall~~ may be
>
> the maiden surname of the child's mother, or both
> surnames as the parents mutually agree.

and by adding at the end of part (2) of subsection (e) of
Section 6, the following:

> Provided, however, that where both parents by
> sworn application so request, the ~~xx~~ legal surname
> of the ~~xx~~ father shall be entered on the ~~certixix~~
> certificate as that of the child and shall become the
> legal surname of the child, notwithstanding the
> absence of a marriage relationship between the
> parents.

Adopted
4-07-77

AMENDMENT NO. **3**

_Ashford_
Signature of Sponsor

**AMEND** Senate ~~House~~ **BILL** No. **162** No. ~~425~~ by

deleting from Section 20(a) the last two sentences of said section so that the section as amended shall read "(a) For each divorce, dissolution of marriage, or annulment granted by any court in this state, a record shall be filed by the clerk of the court with the office of vital records and shall be registered if it has been completed and filed in accordance with this section."

Jer-tommund
4-20-11

adopted
4-2-11
Sfw

GW    Committe AMENDMENT NO. 2

_Eilbert Gill Stamn_
Signature of Sponsor

AMEND    Senate    BILL    No. 162
         House           No. 425    by

deleting Section 21 paragraph (d) in its entirety and
inserting in lieu thereof a new paragraph (d) to read as
follows:

The sex of an individual will not be changed on
the original certificate of birth as a result of sex
change surgery.

adapted

4/7/77

D Hel

Senate Janne
4-20-77

Committee AMENDMENT NO. 1

*Ashford* ＋ *Dr. Gill*

Signature of Sponsor

AMEND  Senate/House  BILL.  No. 162  No. ~~165~~  by

deleting from Section 4, paragraph (c) the second sentence beginning with the words "Information pertaining to the father" and ending with the words "is controverted";

And is further amended by deleting from Section 5, paragraph (f) the words "and social policies";

And is further amended by deleting all of paragraph (e)(1) of Section 6 and inserting in lieu thereof a new paragraph (e)(1) to Section 6 to read as follows:

If the mother was married at the time of either conception or birth, or anytime between conception and birth to the natural father of the child, the name of the father shall be entered on the certificate and the surname of the child shall be entered on the certificate as that of the natural father.

And is further amended by deleting from Section 9, paragraph (b) the words "be made on a form prescribed and furnished by the state registrar and shall";

And is further amended by deleting from Section 9, paragraph (e) the words "on a form prescribed and furnished by the state registrar";

And is further amended by deleting from Section 9, paragraph (f) the words "the tenth (10th) day of the calendar month following the month in which it was entered" and inserting in lieu thereof the words "no later than forty (40) days from entry of the order";

And is further amended by inserting in paragraph (g) of Section 9 between the words "sought" and "shall" the words "or his or her parent or legal guardian";

And is further amended by inserting in paragraph (c) of Section 18 between the words "reinterment" and "shall" the words "in cases of movement of cemeteries or parts of cemeteries or for reuniting families";

And is further amended by adding to paragraph (b) of Section 21 a new sentence which shall read "minor corrections shall mean amendment of obvious errors, transposition of letters in words of common knowledge, or omissions.";

And is further amended by deleting all of paragraph (a) of Section 26;

And is further amended by deleting the first paragraph of Section 27 in its entirety.

AMENDMENT NO. 02

_Signature of Sponsor_

AMEND    Senate    BILL    No. 162
         House             No. _____ by

adding to the end of section 12 a new paragraph to read as follows:

"(e)  Report of Foreign Birth.  The State Registrar shall
prepare a Report of Foreign Birth for a child not born in
any state, territory or possession of the United States
whose adoptive parents are residents of Tennessee when re-
quired adoption papers have been received from a court of
jurisdiction in Tennessee."

adopted
3-23-77

3/21/77

adm/EX-60

Signature of Sponsor

AMEND    Senate    BILL    No. 162    by
House      No._____

deleting the first and last sentence of Section 17 (b), while
retaining the following existent language:

     "The individual undergoing the induced
   termination of pregnancy shall not be iden-
   tified by name on the report, though some
   means of identification shall be used to
   provide retrieval of further information
   if necessary."

AND FURTHER AMEND Section 28, subparagraph (c) by deleting the
existent language and substituting in lieu thereof the following:

     "An offense contained subsection (b) of
   this section shall constitute a misdemeanor
   and be punishable by a fine of not more
   than fifty dollars ($50) or imprisonment
   in a county jail or workhouse for not
   more than eleven (11) months and twenty-
   nine (29) days, or both."


AMEND     Senate    BILL    No. 162    by
          House           No.

AND FURTHER AMEND Section 28, subparagraph (c) (1) by deleting
the words and figures "one thousand dollars ($1,000)" and
substituting in lieu thereof the following words and figures:

"fifty dollars ($50)."

AMENDMENT NO. _____ 1 to Amend #1

_____
Signature of Sponsor

162

**AMEND**　　　　Senate　　　AMENDMENT No. _____ 228 _____ by
　　　　　　　　House　　　XXXXX　　No. _____

deleting from Amendment 1 the words and phrases beginning "AND FURTHER AMEND Section 28 subparagraph (c)..." and inserting in lieu thereof the following:

"AND FURTHER AMEND Section 28, subparagraph (c) by deleting the existing language and substituting in lieu thereof the following:

'An offense contained in subsection (b) of this section shall be punishable by a fine of not less than fifty dollars ($50.00) or not more than one thousand dollars ($1,000.00) or imprisonment in a county jail or workhouse for not more than eleven (11) months and twenty-nine (29) days, or both'."

Adopted
3-23-77

Filed
3-21-77

adm/Ex-60

**BILL NO.** 162

## COMMITTEE VOTE RECORD

Senate <u>General Welfare</u> Committee

Motion <u>Boner</u>

Seconded <u>Moore</u>

Date <u>3/16/77</u>

| | Committee Member | Aye | No | Present Not Voting |
|---|---|---|---|---|
| 1. | Boner, Bill | 1 | | |
| 2. | Crouch, Ernest | 2 | | |
| 3. | Dunavant, L. | 3 | | |
| 4. | Harvill, Halbert | 4 | | |
| 5. | Henry, Douglas | 5 | | |
| 6. | Hooper, Ben | 6 | | |
| 7. | Moore, Carl | 7 | | |
| 8. | Talarico, Gabe | 8 | | |
| 9. | | | | |
| 10. | Nave, Marshall (C) | 9 | | |
| 11. | | | | |
| 12. | | | | |
| 13. | | | | |
| 14. | | | | |
| 15. | | | | |
| 16. | | | | |
| 17. | | | | |
| 18. | | | | |

**ACTION TAKEN:**

For Passage ———————

For Passage with amendment ———————

Referred to Committee <u>Calendar</u>

S-2
1-77

BILL NO. _162_ Amend #2

## COMMITTEE VOTE RECORD

Senate _General Welfare_ Committee

Motion _Henry_

Seconded _Hooper_

Date _3 / 16 / 77_

| Committee Member | Aye | No | Present Not Voting |
|---|---|---|---|
| 1. Boner, Bill | 1 | | |
| 2. Crouch, Ernest | 2 | | |
| 3. Dunavant, L. | 3 | | |
| 4. Harvill, Halbert | 4 | | |
| 5. Henry, Douglas | 5 | | |
| 6. Hooper, Ben | 6 | | |
| 7. Moore, Carl | 7 | | |
| 8. Talarico, Gabe | | | — |
| 9. | | | |
| 10. Nave, Marshall (C) | 8 | | |
| 11. | | | |
| 12. | | | |
| 13. | | | |
| 14. | | | |
| 15. | | | |
| 16. | | | |
| 17. | | | |
| 18. | | | |

**ACTION TAKEN:**

For Passage ————

For Passage with amendment _8 - 0 - 1_

Referred to Committee ————

S-2
1-77

BILL NO. _162_

COMMITTEE VOTE RECORD _amend #1 Sub. B_

Senate _General Welfare_ Committee

Motion _Henry_

Seconded _Bonb_

Date _3/16/77_

| | Committee Member | Aye | No | Present Not Voting |
|---|---|---|---|---|
| 1. | Boner, Bill | 1 | | |
| 2. | Crouch, Ernest | 2 | | |
| 3. | Dunavant, L. | | 1 | |
| 4. | Harvill, Halbert | | 2 | |
| 5. | Henry, Douglas | 3 | | |
| 6. | Hooper, Ben | 4 | | |
| 7. | Moore, Carl | | 3 | |
| 8. | Talarico, Gabe | 5 | | |
| 9. | | | | |
| 10. | Nave, Marshall (C) | 6 | | |
| 11. | | | | |
| 12. | | | | |
| 13. | | | | |
| 14. | | | | |
| 15. | | | | |
| 16. | | | | |
| 17. | | | | |
| 18. | | | | |

**ACTION TAKEN:**

For Passage ——————

For Passage with amendment _6-3-0_

Referred to Committee ——————

S-2
1-77

## EXPLANATORY NOTE

Enacts the "Vital Records Act of 1977" to provide for a comprehensive modernization of Tennessee's vital records statutes.

AN ACT     to enact the Vital Records Act of
1977; to provide for an Office of
Vital Records within the Tennessee
Department of Public Health and
to institute a comprehensive
statewide system of vital records;
and to repeal Tennessee Code
Annotated, Sections 53-401 through
53-458, inclusive, the same being
all of Chapter 4 of Title 53 of the
Tennessee Code Annotated.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:

SECTION 1. Short Title.   This act shall be known and may be cited as the "Vital Records Act of 1977".

SECTION 2. Definitions. As used in this act, the following terms shall have the following meaning unless the context requires otherwise:

(a)     "Commissioner" means the commissioner of the Tennessee department of public health.

(b)     "Dead body" means a human body from the condition of which it reasonably may be concluded that death occurred.

(c)     "Department" means the Tennessee department of public health.

(d)     "Fetal death" means death prior to the complete expulsion or extraction from its mother of a product of human conception; the death is indicated by the fact that after such expulsion or extraction the fetus does not breathe or show any other evidence of life such as beating of the heart, pulsation of the umbilical cord or definite movement of voluntary muscles.

(e)     "File" means to present a vital record provided for in this act for registration by the office of vital records.

(f)     "Final disposition" means the burial, interment, cremation, removal from the state or other authorized disposition of a dead body or fetus.

adm/EX-60

(g) "Induced termination of pregnancy" means the intentional termination of pregnancy with the intention other than to produce a live-born infant or to remove a dead fetus.

(h) "Institution" means any establishment, public or private, which provides inpatient or outpatient medical, surgical, or diagnostic care or treatment or nursing, custodial or domiciliary care, or to which persons are committed by law.

(i) "Live birth" means the complete expulsion or extraction from its mother of a product of human conception, irrespective of the duration of the pregnancy, which, after such expulsion or extraction, breathes or shows any other evidence of life such as beating of the heart, pulsation of the umbilical cord or definite movement of voluntary muscles, whether or not the umbilical cord has been cut or the placenta is attached.

(j) "Person in charge of interment" means any person who places or causes to be placed, a deceased person, still-born child, or dead body, or, after cremation, the ashes thereof, in the earth, a grave, tomb, vault, urn, or other receptacle, either in a cemetery or at any other place, or disposes otherwise thereof.

(k) "Physician" means a person licensed to practice medicine or osteopathy pursuant to the laws of this state.

(l) "Public health council" means the council referred to in Tennessee Code Annotated, Section 53-114.

(m) "Registration" means the acceptance by the office of vital records and the incorporation of vital records provided for in this act into its official records.

(n) "System of vital records" includes the registration, collection, preservation, amendment, and certification of vital records, and the collection of other reports required by this act.

(o) "Vital records" means certificates or reports of births, death, marriage, divorce, or annulment and other records related thereto.

SECTION 3.  Office of Vital Records and Statewide System.

I.   The department shall:

(a)   Establish an office of vital records with suitable offices which shall be properly equipped with fireproof vault and filing cases for the preservation of all official records made and received under this chapter or under the regulations of the department.

(b)   Make and amend, with the approval of the public health council, regulations necessary for the creation and efficient performance of an adequate system of vital records, and give instructions and prescribe forms for collecting, transcribing, compiling, and preserving vital records.

(c)   Enforce this chapter and the regulations made pursuant thereto.

(d)   Provide a seal of office.

(e)   Divide the state into vital records registration districts.  The department may from time to time, as conditions justify, change their boundaries.  The subdivisions of the state at the time this chapter becomes effective, shall be continued until changed by the department.

2

II.   The commissioner shall:

(a)   Appoint a state registrar of vital records, herein referred to as the state registrar, who shall be qualified in accordance with classification standards of education and experience.

(b)   In case of a vacancy in the office of state registrar, the commissioner shall immediately appoint a successor.

III.  The state registrar shall:

(a)   Under the supervision of the commissioner, shall act as agent of the commissioner and:

> (1)   Have charge of the office of vital records and shall act as the custodian of all the certificates and records received by him, and perform such other duties as the commissioner may prescribe.

> (2)   Be charged with the execution of this chapter and of the regulations of the department throughout the state and have supervisory power over the local registrars and deputy local registrars.

(b)   Prescribe, with the approval of the department, furnish, and distribute such forms as are required by this act and the rules and regulations issued hereunder or prescribe such other means for transmission of records as will accomplish the purpose of complete and accurate registration.

(c)   Assist in preparing and publishing reports of vital statistics of this state and such other reports as may be required by the department.

(d)   The state registrar may establish or designate additional offices in the state to aid in the administration of the statewide system of vital records.

(e)   The state registrar may delegate such functions and duties vested in him to employees of the office of vital records and to employees of an office established or designated under Section 3 (III) (d).

(f)   The state registrar shall provide copies of certificates or reports required under this act or other information derived from such certificates or reports as he shall determine are necessary to local health agencies for local health planning and program activities. The state registrar shall establish a schedule for such transmittal with each local health agency. The records or other information shall remain the property of the office of vital records and the uses which may be made of such records or other information shall be governed by the state registrar. A schedule for the disposition of the certificates, reports, or data provided under this section shall be established by the state registrar.

SECTION 4. Content of Certificates and Reports. (a)   In order to promote and maintain nationwide uniformity in the system of vital records, the forms of certificates, reports, and other returns required by this act, or by regulations adopted hereunder, shall include as a minimum the items recommended by the federal agency responsible for national vital statistics.

(b)   Each certificate, report, and form required to be filed and registered under this act shall be on a form or in a format prescribed by the state registrar and shall contain the date received for registration.

(c)   Each certificate provided for in this chapter, filed within six months after the recorded event occurred, shall be prima facie evidence of the facts therein stated. ~~Information pertaining to the father of a child shall constitute such evidence if the alleged father is or becomes the husband of the mother in a legal marriage; if not, the information pertaining to the father of a child shall not constitute such evidence in any civil or criminal proceeding adverse to the interests of the alleged father, or of his heirs, devisees, or other successors in interest, if the paternity is controverted.~~

3

House amendment #1

SECTION 5. Location Registrars - Appointment - Removal. The state registrar shall:

(a) Appoint such number of local registrars for the registration districts as may be necessary. Full-time local health department personnel may be appointed local registrars.

(b) Remove for cause any local registrar whose services are found to be unsatisfactory.

(c) In case of death, resignation, removal from the registration district, or removal for cause of any local registrar, the state registrar shall immediately appoint a successor.

(d) The local registrars and their deputies are charged with the duty of complying with all instructions of the state registrar, and of checking upon the compliance by others with the provisions of this chapter and with the regulations of the department.

(e) Each local registrar, upon acceptance of his written appointment, shall recommend a deputy or deputies, and in case of death, resignation, or removal of such deputy, a successor, subject to the approval of the state registrar.

(f) The information collected and recorded, under the provisions of this chapter shall be such as will aid the public health and social policies of the state, and furnish and preserve evidence affecting personal and property rights of the individual citizen.

SECTION 6. Birth Registration. (a) A certificate of birth for each live birth which occurs in this state shall be filed with the office of vital records or as otherwise directed by the state registrar within ten (10) days after such birth and shall be registered if it has been completed and filed in accordance with this section.

(b) When a birth occurs in an institution or enroute thereto, the person in charge of the institution or his designated representative shall obtain the personal data, prepare the certificate, secure the signatures required by the certificate and file it with the office of vital records or as otherwise directed by the state registrar within the required ten (10) days. The physician in attendance shall provide the medical information required by the certificate and certify to the facts of birth within seventy-two (72) hours after the birth. If the physician does not certify to the facts of birth within the required seventy-two (72) hours, another physician or registered nurse in attendance designated by the physician or the chief medical officer of the institution in which the birth occurred shall complete and sign the certification.

(c) When a birth occurs outside an institution, the certificate shall be prepared and filed in one of the following in the indicated order of priority:

(1) The physician in attendance or immediately after the birth, or in the absence of such person,

(2) Any other person in attendance at or immediately after the birth, or in the absence of such person,

(3) The father, the mother, or, in the absence of the father and the inability of the mother, the person in charge of the premises where the birth occurred.

(d) When a birth occurs on a moving conveyance within the United States and the child is first removed from the conveyance in this state, the birth shall be registered in this state and the place where it is first removed shall be considered the place of birth. When a birth occurs on a moving conveyance while in international waters or air space or in a foreign country and the child is first removed from the conveyance in this state, the birth shall be registered in this state but the certificate shall show the actual place of birth in so far as can be determined.

Hoose Amendment # 1

- 4 -

House Amendment #1

(e) (1) ~~If the mother was married at the time of either concep-tion or birth, or any time between conception and birth, the name of the husband shall be entered on the certificate as the father of the child and the surname of the child shall be entered on the certificate as that of the husband.~~

If the mother was married at the time of either conception or birth, or anytime between conception and birth to the natural father of the child, the name of the father shall be entered on the certificate and the surname of the child shall be entered on the certificate as that of the natural father

House Amendment #4

except that where the mother though married has retained her maiden surname, then on xx sworn application of both parents, the child's surname to be entered on the birth certificate ~~shall~~ may be the maiden surname of the child's mother, or both surnames as the parents mutually agree.

(2) If the mother was not married at the time of either conception or birth or between conception and birth, the name of the father shall not be entered on the certificate of birth, and the surname of the child shall be that of the legal surname of the mother. All information pertaining to the father shall be omitted.

House Amendment #1

Provided, however, that where both parents by sworn application so request, the xx legal surname of the xx father shall be entered on the certificate as that of the child and shall become the legal surname of the child, notwithstanding the absence of a marriage relationship between the parents.

- 5 -

(3)    In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court.

(4)    In all other cases, the surname of the child shall be the legal surname of the mother.

(5)    If the father is not named on the certificate of birth, no other information about the father shall be entered on the certificate.

(f)    A child born to a married woman as a result of artificial insemination, with consent of her husband, shall be deemed to be the legitimate child of the husband and wife.

(g)    Either parent of the child or any other knowledgeable informant shall attest to the accuracy of the personal data provided in sufficient time to permit the filing of the certificate within the ten (10) days prescribed by this section.

SECTION 7. Infants of Unknown Parentage; Foundling Registration. (a) Whoever assumes the custody of a live born infant of unknown parentage shall report on a form and in a manner prescribed by the state registrar within ten (10) days to the office of vital records the following information:

(1)    the date and place of finding;

(2)    Sex, color or race, and approximate birth date of the child;

(3)    Name and address of the person or institution with whom the child has been placed for care;

(4)    Name given to the child by the custodian of the child;

(5)    Other data required by the state registrar.

(b)    The place where the child was found shall be entered as the place of birth.

(c)    A report registered under this section shall constitute the certificate of birth for the child.

(d)    If the child is subsequently identified and a certificate of birth is found or obtained, the report registered under this section shall not be subject to inspection except upon order of a court of competent jurisdiction or as provided by regulation.

SECTION 8. Delayed Registration of Birth. (a) When the birth of a person born in this state has not been filed within the time period provided in Section 6, a certificate of birth may be filed in accordance with regulations of the office of vital records. The certificate shall be registered subject to such evidentiary requirements as the office of vital records shall by regulation prescribe to substantiate the alleged facts of birth.

(b)    A certificate of birth registered six months or more after the date of birth shall be marked "delayed" and show on its face the date of the delayed registration.

(c)    A summary statement of the evidence submitted in support of the delayed registration shall be endorsed on the certificate.

X
6.

(House Amendment # 2)

(House # 1)

(d)     When an applicant does not submit the minimum documentation required in the regulations for delayed registration or when the state registrar has reasonable cause to question the validity or adequacy of the applicant's sworn statement or the documentary evidence, and if the deficiencies are not corrected, the state registrar shall not register the delayed certificate of birth and shall advise the applicant of the reason for this action.

SECTION 9.   Judicial Procedure to Establish Facts Of Birth.   (a)   If a delayed certificate of birth is rejected under the provisions of Section 8 of this act, a petition signed and sworn to by the petitioner may be filed with a court of competent jurisdiction for an order establishing a record of the date and place of the birth and the parentage of the person whose birth is to be registered.

(b)     Such petition shall ~~be made on a form prescribed and furnished by the state registrar and shall~~ allege that:

(1)     The person for whom a delayed certificate of birth is sought was born in this state.

(2)     No certificate of birth can be found in the office of vital records.

(3)     Diligent efforts by the petitioner have failed to obtain the evidence required in accordance with Section 8 of this act and regulations adopted pursuant thereto.

(c)     The petition shall be accompanied by a statement of the state registrar made in accordance with Section 8 of this act and all documentary evidence which was submitted to the state registrar in support of such registration.

(d)     The court shall fix a time and place for hearing the petition and shall give the state registrar twenty-one (21) days of notice thereof.   The state registrar or his authorized representative may appear and testify in the proceeding.

(e)     If the court finds, from the evidence presented, that the person for whom a delayed certificate of birth is sought was born in this state, it shall make findings as to the place and date of birth, parentage, and such other findings as the case may require and shall issue an order ~~on a form prescribed and furnished by the state registrar~~ to establish a certificate of birth.   This order shall include the birth data to be registered, a description of the evidence presented, and the date of the court's action.

(f)     The clerk of the court shall forward each order to the state registrar no later than the ~~tenth (10th) day of the calendar month following the month in which it was entered~~ forty (40) days from entry of the order.

Such order shall be registered by the state registrar and shall constitute the authority placing a delayed certificate of birth on file.

(g)     The person for whom the delayed certificate of birth is sought or his or her parent or legal guardian shall sign the delayed certificate form furnished by the state registrar before a notary public or other person authorized to administer oaths unless the registrant is deceased or deemed incompetent.

SECTION 10.   Court Report of Adoption.   For each final decree of adoption by a court of competent jurisdiction in Tennessee, the court shall require the preparation of a report of adoption on a form prescribed and furnished by the state registrar.

For each amendment or annulment of an order of adoption, the clerk of the court shall prepare a report thereon, which shall include such facts as are necessary to identify the original report of adoption and those facts amended in the adoption decree, and forward a certified copy of such report to the state registrar.

The child-placing agency or, in family adoptions, the attorney or petitioners shall cause to be completed on a form furnished by the state registrar, the request for a new certificate of birth by adoption and shall file this form with the clerk of the court to be forwarded to the state registrar with the certified report of adoption when the final order has been granted. This form shall furnish information for locating the certificate of birth in the original name and information concerning the adoptive parent(s) to be entered on the new certificate.   The form shall be signed by the petitioner(s) to whom the final decree was granted and in stepparent adoptions, the adoptive and natural parent.

No later than the tenth (10th) day of each calendar month or as directed by the state registrar, the clerk of the court shall forward to the state registrar the certified report of adoption, annulment, or amendment to the adoption decree and the request for a new certificate of birth by adoption.

When the state registrar shall receive a report of adoption, annulment, or amendment to the decree of adoption from the clerk of the court for a person born in another state, such report shall be forwarded to the state registrar in the state of birth. If the birth occurred in a foreign country the report of adoption shall be returned to the attorney or agency handling the adoption for submission to the appropriate federal agency.

Upon receipt of a certified copy of a final decree of adoption, or certified report of adoption prepared in accordance with the laws of another state or foreign country, and the request for a new certificate of birth by adoption, the state registrar shall prepare and file a new certificate of birth in the adopted name for a person born in Tennessee, if not in conflict with Tennessee adoption laws.

SECTION 11. Conditions Precedent to the Preparation of New Certificate by Adoption, Legitimation, or Adjudication of Paternity. New certificates of birth shall be prepared on adoption, legitimations, and orders of paternity only. All orders of adoption, legitimation, and paternity shall be final and all required legal papers placed on file in the office of vital records. The certificate of birth in the original name shall be removed from the volume and a record inserted thereof which shall show the original certificate number, date removed, and code citation. The birth shall have occurred in Tennessee and a certificate of birth in the original name shall be on file in the department.

The new certificate shall be prepared on a standard form in current use in the department and shall be signed by the state registrar in the space provided for the signature of the attendant at birth. The new certificate shall show the date of birth, place of birth, sex, and date of filing as shown on the certificate of birth in the original name. A new certificate of birth by adoption shall show the residence of the adoptive parent(s) as at the time the final order of adoption was granted.

When a final order of adoption has been granted to only one petitioner and upon receipt of a certified request of the petitioner, the word "adoption" may be entered on the new certificate of birth in the space provided for the information concerning the other parent. The certified request shall be furnished to the state registrar prior to the preparation of the new certificate. A new certificate of birth by adoption shall not be prepared if so requested by the court that granted the adoption, the adoptive parent(s), or the adopted person.

A certificate of birth in the original name which indicates a legitimate birth and another person as father shall not be removed for the preparation of a new certificate of birth by legitimation unless an order from a court of competent jurisdiction refuting such facts as set forth by regulation is furnished to the state registrar. A new certificate of birth shall not be prepared for the person in the instance where his or her father and mother were married prior to the birth of such person and the original certificate indicates another person as father or an illegitimate birth. The certificate of birth in the original name shall be amended in accordance with regulations to show correct facts at the time of the birth.

A new certificate of birth shall not be prepared on an order of legitimation or paternity granted by a juvenile court on an adult (18 years of age or older).

When an order of paternity has been granted on an unborn infant, the original certificate of birth shall be prepared and filed in accordance with the laws and regulations of the department and a new certificate by paternity shall be prepared upon receipt of the required legal papers from the court.

SECTION 12. New Certificates of Birth by Adoption, Legitimation, and Orders of Paternity. The state registrar shall prepare a new certificate of birth for a person born in Tennessee upon receipt of required legal documents as provided in the following cases:

(a) Adoption. Certified copy of adoption or certified copy of final decree of adoption and request for new certificate of birth by adoption.



(b)    Legitimation by court order in cases where the parents have never married. Certified copy of an order of legitimation that establishes the relationship of parent and child between the petitioner and child named in the petition, decrees the name the child is to bear, and a request for new certificate of birth by legitimation on a form provided by the state registrar that furnishes information for locating certificate of birth in original name and information concerning parents to be entered on new certificate.

(c)    Legitimation by subsequent marriage of parents. Certified copy of marriage certificate or certificate of marriage of parents, and affidavits of mother and father acknowledging paternity on a form provided by the state registrar. The form shall furnish information for locating the certificate of birth in the original name and information concerning the parents to be entered on the new certificate. If the father is deceased and in lieu of his affidavit, the state registrar shall accept a certified copy of a bill or petition for divorce or sworn answer thereto properly filed in which the husband by oath acknowledged himself as father of the child or children named therein or by a certified copy of an order, judgment or decree wherein the court determined the deceased husband to be the father of the child or children and had acknowledged paternity thereof, whether heard on an ex parte or contested proceeding.

(d)    Order of Paternity. Certified copy of an order of paternity or a certificate of paternity on a form provided by the state registrar which furnishes information for locating the certificate of birth in the original name, establishes the name of the father, and decrees the name the child is to bear.

(e)    Report of Foreign Birth. The State Registrar shall prepare a Report of Foreign Birth for a child not born in any state, territory or possession of the United States whose adoptive parents are residents of Tennessee when required adoption papers have been received from a court of jurisdiction in Tennessee.

SECTION 13.    Sealing of Documents.    All legal documents pertaining to the adoption, legitimation, or order of paternity, together with the certificate of birth in the original name, shall be placed in an envelope and sealed following the preparation of the new certificate.    These sealed documents shall be preserved in a fireproof vault in the department and shall not be removed from that office except by order of a court of competent jurisdiction.    The sealed documents shall be opened by the state registrar for the purpose of issuing a copy of the certificate in the name at birth, upon receipt of a certified copy of an order of the court that granted the adoption, legitimation, or order of paternity or in legitimations by subsequent marriage of the parents.    Upon receipt of a certified copy of an order from the court of competent jurisdiction ordering the annulment of an order of adoption, legitimation, or order of paternity or the replacement of a certificate of birth in the original name on file, the state registrar shall open the sealed documents, replace the certificate of birth in the original name in the volume of births in which originally filed, remove the new certificate, and place it under seal with the legal documents and the certified copy of the court order.

When a new certificate of birth has been filed by the state registrar, all copies of the record of birth in the original name in the custody of any other party shall be forwarded to the state registrar upon receipt of his request.

SECTION 14.    Death Registration.    (a) A death certificate for each death which occurs in this state shall be filed with the office of vital records or as otherwise directed by the state registrar within five (5) days after death and prior to final disposition, or as prescribed by regulations of the department.    It shall be registered if it has been completed and filed in accordance with this section.

(1)    If the place of death is unknown but the body is found in this state, the death certificate shall be completed and filed in accordance with this section.    The place where the body is found shall be shown as the place of death. If the date of death is unknown, it shall be determined by the date the body was found.

(2)    When death occurs in a moving conveyance in the United States and the body is first removed from the conveyance in this state, the death shall be registered in this state and the place where it is first removed shall be considered the place of death.    When a death occurs on a moving conveyance while in international waters or air space or in a foreign country and the body is first removed from the conveyance in this state, the death shall be registered in this state but the certificate shall show the actual place of death insofar as can be determined. ▪

Case 3:19-cv-00328    Document 62-13    Filed 03/09/20    Page 23 of 31 PageID #: 694

Senate Amendment

(b)     The funeral director or person acting as such who first assumes custody of the dead body shall file the death certificate. He shall obtain the personal data from the next of kin or the best qualified person or source available and shall obtain the medical certification from the person responsible therefor, as set below.

(c)     The medical certification shall be completed, signed, and returned to the funeral director by the physician in charge of the patient's care for the illness or condition which resulted in death within forty-eight (48) hours after death, except when inquiry is required by the medical examiner. In the absence of the physician, the certificate may be completed and signed by another physician designated by the physician or by the chief medical officer of the institution in which the death occurred.

(d)     When inquiry is required, the medical examiner shall determine the cause of death and shall complete and sign the medical certification within forty-eight (48) hours after taking charge of the case.

(e)     If the cause of death cannot be determined within forty-eight (48) hours after death, the medical certification shall be completed as provided by regulation. The attending physician or medical examiner shall give the funeral director, or person acting as such, notice of the reason for the delay, and final disposition of the body shall not be made until authorized by the attending physician or medical examiner.

SECTION 15. Delayed Registration of Death. (a) When a death occurring in this state has not been registered within the time period prescribed by Section 14 of this act, a certificate may be filed in accordance with the regulations of the department. Such certificate shall be registered subject to such evidentiary requirements as the department shall by regulation prescribe to substantiate the alleged facts of death.

(b)     Certificates of death registered six (6) months or more after the date of death shall be marked "delayed".

SECTION 16. Reports of Fetal Death. (a) Each fetal death of twenty (20) completed weeks' gestation or more or a weight of 350 grams or more, which occurs in this state, shall be reported to the office of vital records within ten (10) days after delivery.

(1)     When a dead fetus is delivered in an institution the person in charge of the institution or his designated representative shall prepare and file the report.

(2)     When a dead fetus is delivered outside an institution the physician in attendance at or immediately after the delivery shall prepare and file the report.

(b)     The name of father shall be entered on the fetal death report in accordance with the provisions of Section 6 of this act.

(c)     When a fetal death required to be reported by this section occurs without medical attendance at or immediately after the delivery or when inquiry is required the medical examiner shall investigate the cause and shall prepare and file the report.

(d)     The reports required under this section are statistical reports to be used only for medical, health, and research purposes and shall not be incorporated into the permanent official records of the system of vital records. A schedule for the disposition of these reports shall be provided for by regulation.

SECTION 17. Reports of Induced Termination of Pregnancy. (a) Each induced termination of pregnancy which occurs in this state shall be reported to the office of vital records within ten (10) days after the procedure by the person in charge of the institution in which the induced termination of pregnancy was performed. If the induced termination of pregnancy was performed outside an institution, the attending physician shall prepare and file the report.



Senate Amendment #1

(b) ~~The reports required under this section are to be used only for medical and health purposes and shall not be incorporated into the permanent, official records of the system of vital records.~~ The individual undergoing the induced termination of pregnancy shall not be identified by name on the report, though some means of identification shall be used to provide retrieval of further information if necessary. ~~A schedule for the disposition of these reports shall be provided by regulations of the department.~~

SECTION 18. Authorization for Final Disposition. (a) Prior to final disposition of a dead fetus, irrespective of the duration of pregnancy, the funeral director, the person in charge of the institution or other person assuming responsibility for final disposition of the fetus, shall obtain from the parents authorization for final disposition on a form prescribed and furnished or approved by the state registrar. After final disposition, the authorization shall be retained for a period of three (3) years by the funeral director, the person in charge of the institution, or other person making the final disposition.

(b) With the consent of the physician or medical examiner who is to certify the cause of death, a body may be moved from the place of death for the purpose of being prepared for final disposition.

Amendment #1
House #

(c) Authorization for disinterment and reinterment **in cases of movement of cemeteries or parts of cemeteries or for reuniting families** shall be required prior to disinterment of a dead body or fetus. Such authorization shall be issued by the state registrar to a licensed funeral director or person acting as such, upon proper application.

(d) No person in charge of any premises in which cremation of dead bodies is done shall cremate or permit the cremation of any body unless it is accompanied by a burial, removal, or transit permit issued in accordance with the law and regulations in force at the place where the death, stillbirth, or disinterment occurred. Each person in charge of any crematory shall endorse upon the burial, removal, or transit permit the date of cremation, the name and location by county and civil district of the crematory over his signature and shall file all permits so endorsed with the local registrar of the district in which the crematory is located within seventy-two (72) hours from the time of cremation, but in every instance prior to the transportation by common carrier or removal from the state of the ashes.

(e) The person in charge of any premises in which cremation of dead bodies is done shall keep a record of all cremations made in the premises under his charge, stating the name of the deceased person or stillborn child, date and place of death, stillbirth, or disinterment, date of cremation, and the name and address of the undertaker, or person acting as such, who delivered the body to the crematory. The record shall be open to inspection by the state registrar or his designated representative at all times.

SECTION 19. Marriage Registration. (a) A record of each marriage performed in this state shall be filed with the office of vital records and shall be registered if it has been completed and filed in accordance with this section.

(b) The official who issues the marriage license shall prepare the record on the form prescribed and furnished by the state registrar upon the basis of information obtained from the parties to be married.

(c) Every person who performs a marriage shall certify the fact of marriage and return the record to the official who issued the license within three (3) days after the ceremony.

(d) Every official issuing marriage licenses shall complete and forward to the office of vital records on or before the tenth (10th) day of each calendar month the records of marriages filed with him during the preceding calendar month.

(e) A marriage record not filed within the time prescribed by statute may be registered in accordance with regulations of the office of vital records.

(f) Every officer authorized to issue marriage licenses shall be paid a recording fee of one dollar ($1.00) for each marriage certificate filed with him and forwarded by him to the state registrar. The recording fee shall be paid by the applicant for the license and be collected together with the fee for the license.

(g) If a license to marry has been obtained by incorrect identification the fraudulent record should be voided and a correct certificate of marriage placed on file by order of the court in the county where the license was issued in accordance with regulations established by the department.

SECTION 20. Divorce or Annulment Registration. (a) For each divorce, dissolution of marriage, or annulment granted by any court in this state, a record shall be filed by the clerk of the court with the office of vital records and shall be registered if it has been completed and filed in accordance with this section. ~~The record shall be prepared by the petitioner or his legal representative on a form prescribed and furnished by the state registrar and shall be presented to the clerk of the court with the petition. In all cases the completed record shall be a prerequisite to the granting of the final decree.~~

(b) The clerk of the court shall complete and forward to the office of vital records on or before the tenth (10th) day of each calendar month the records of each divorce, dissolution of marriage, or annulment filed with him during the preceding calendar month.

(c) Every clerk of the court shall be entitled to a fee of one dollar ($1.00) for each certificate prepared and forwarded by him to the state registrar. This recording shall be a part of the court costs accruing to the clerk and paid by the applicant for the divorce or annulment of marriage and shall be collected in the same manner and in addition to the other costs in the case.

SECTION 21. Amendment of Vital Records. (a) In order to protect the integrity and accuracy of vital records a certificate or record registered under this act may be amended only in accordance with this act and regulations adopted by the department.

House Amendment #3

House

(d) The sex of an individual will not be changed on the original certificate of birth as a result of sex change surgery.

(e) When an applicant does not submit the minimum documentation required in the regulations for amending a vital record or when the state registrar has reasonable cause to question the validity or adequacy of the applicant's sworn statements or the documentary evidence, and if the deficiencies are not corrected, the state registrar shall not amend the vital record and shall advise the applicant of the reason for this action.

SECTION 22. Reproduction of Vital Records. To preserve vital records, the state registrar is authorized to prepare typewritten, photographic, electronic, or other reproductions of original records and files in the office of vital records. Such reproductions when certified by the state registrar shall be accepted as the original records.

SECTION 23. Disclosure of Information from Vital Records. (a) To protect the integrity of vital records, to insure their proper use, and to insure the efficient and proper administration of the system of vital records, it shall be unlawful for any person to permit inspection of, or to disclose information contained in vital records or to copy or issue a copy of all or part of any such records except as authorized by this act, regulation, promulgated pursuant to this act, or as otherwise authorized by law, or by order of a court of competent jurisdiction. Regulations promulgated pursuant to this act shall provide for adequate standards of security and confidentiality of vital records.

(b)     The department may authorize by regulation the disclosure of information contained in vital records for research purposes.

(c)     Appeals from decisions of the custodians of permanent local records refusing to disclose information, or to permit inspection of or copying of records under the authority of this section and regulations issued hereunder shall be made to the state registrar, whose decisions shall be binding upon the local custodians of permanent local records.

(d)     When one hundred (100) years have elapsed after the date of birth, or fifty (50) years have elapsed after the date of death, marriage, or divorce, dissolution of marriage or annulment, the records of these events in the custody of the state registrar shall become public records and shall be made available to any interested person in accordance with regulations which shall provide for the continued safekeeping of the records.

SECTION 24.  Copies or Data from the System of Vital Records.  In accordance with Section 23 of this act and the regulations adopted pursuant thereto:

(a)     The state registrar and other custodian(s) authorized by the state registrar to issue certified copies shall upon receipt of written application issue a certified copy of a vital record in his custody or a part thereof to any applicant showing a direct and tangible interest in the vital record.  Each copy issued shall show the date of registration and copies issued from records marked "delayed" and "amended" shall be similarly marked and show the effective date.  All forms and procedures used in the issuance of certified copies of vital records in this state shall be approved or provided by the state registrar.

(b)     A certified copy of a vital record or any part thereof, issued in accordance with subsection (a) shall be considered for all purposes the same as the original and shall be prima facie evidence of the facts stated therein.

(c)     The federal agency responsible for national vital statistics may be furnished such copies or data from the system of vital records as it may require for national statistics, provided such federal agency shares in the cost of collecting, processing, and transmitting such data, and provided further that such data shall not be used for other than statistical purposes by the federal agency unless so authorized by the state registrar.

(d)     Federal agencies, the state of Tennessee, Tennessee courts and municipal and county law enforcement agencies, upon official request, may be furnished verification of information for statistical or administrative purposes upon such terms or conditions as may be prescribed by regulation, provided that such copies or information shall not be used for other than the purpose for which it was requested unless so authorized by the state registrar.

(e)     The state registrar may, by agreement, transmit transcripts of records and other reports required by this act to offices of vital records outside this state when such records or other reports relate to residents of those jurisdictions or persons born in those jurisdictions.  The agreement shall require that the transcripts be used for statistical and administrative purposes only as specified in the agreement.  Any agreement shall provide that such transcripts shall not be retained by the other jurisdiction for more than two (2) years from the date of the event or after the statistical tabulation has been accomplished, whichever time period is shorter.

Transcripts received from other jurisdictions by the office of vital records in this state shall be handled in the same manner as prescribed in the preceding paragraph of this subsection.

(g)     Local health departments in counties with a population of 250,000 or greater according to the 1970 federal census or any subsequent federal census, may issue copies of birth certificates, which copies shall have the force and effect of certified copies issued by the office of vital records of the department.  The local health departments in such counties are designated as branch offices of the central office of vital records for the purpose of issuance of copies of birth certificates only, but not for the purpose of alteration of birth certificates.

(h)     Local health departments may issue copies of death certificates, which copies have the force and effect of certified copies issued by the office of vital records of the department.

(i)    No person shall prepare or issue any certificate which purports to be an original, certified copy, or copy of a vital record except as authorized in this act or regulations adopted hereunder.

SECTION 25.  Fees for Copies and Searches.  (a)  The department shall prescribe the fees to be paid for certified copies or certificates or records, or for a search of the files or records when no copy is made, or for copies or information provided for research, statistical, or administrative purposes.

(b)    Fees collected under this section by the state registrar shall be deposited in the general fund of this state, according to the prevailing procedures governing collection.

SECTION 26.  Persons Required to Keep Records.  (a) Every person in charge of an institution as defined in this act shall keep a record of personal particulars and information concerning each person admitted or confined to such institution. This record shall include such information as required by the certificates of birth and death and the reports of fetal death and induced termination of pregnancy forms required by this act. The record shall be made at the time of admission from information provided by the person, being admitted or confined, but when it cannot be so obtained, the same shall be obtained from a relative or other person acquainted with the facts. The name and address of the person providing the information shall be part of the record.

(a) (b)    When a dead body is released or disposed of by an institution, the person in charge of the institution shall keep a record showing the name of the deceased, date of death, name and address of the person to whom the body is released, date of removal from the institution, or if finally disposed of by the institution, the date, place, and manner of disposition shall be recorded.

(b) (c)    A funeral director, embalmer, or other person who removes from the place of death or transports or finally disposes of a dead body or fetus, in addition to filing any certificate or other report required by this act or regulations promulgated hereunder, shall keep a record which shall identify the body, and such information pertaining to this receipt, removal, and delivery of such body as may be provided in regulations adopted by the department.

SECTION 27.  Duties to Furnish Information Relative to Vital Events.  Any person having knowledge of the facts shall furnish such information as he may possess regarding any birth, death, fetal death, marriage, divorce, dissolution of marriage or annulment, upon demand of the state registrar.

Medical records will be made available to the state registrar or any direct representative thereof, for the limited purpose of gathering information on birth certificates, death certificates, and reports of fetal deaths.

SECTION 28.  Penalties. (a)  The state registrar shall have the authority to investigate cases of irregularities or violations of law, personally or by an accredited representative and all registrars shall aid him, upon request, in such investigations.  When he shall deem it necessary, he shall report cases of violations of any of the provisions of this chapter to the district attorney-general who shall forthwith initiate and promptly follow up the necessary court proceedings against the person alleged to be responsible for the violation of law.  Upon request of the department, the attorney ageneral and reporter of the state of Tennessee shall likewise assist in the enforcement provisions of this chapter.

(b)    It is unlawful for any person to:

(1)    Willfully and knowingly make any false statement in a certificate, record, or report required to be filed under this act, or in an application for an amendment thereof or in an application for a certified copy of a vital record, or willfully and knowingly supply false information intending that such information be used in the preparation of any such report, record, or certificate, or amendment thereof; or

(2)    Absent lawful authority and with the intent to deceive, make, counterfeit, alter, amend, or mutilate any certificate, record, or report required to be filed under this act or a certified copy of such certificate, record, or report; or

<div style="writing-mode: vertical-rl">House Amendment #1</div>



Senate Amendment # 1
to Amendment # 1

Senate Amendment # 1

(3)     Willfully and knowingly obtain, possess, use, sell, furnish, or attempt to obtain, possess, use, sell, or furnish to another, for any purpose of deception, any certificate, record, report, or certified copy thereof so made, counterfeited, altered, amended, or mutilated; or

(4)     With the intention to deceive willfully and knowingly obtain, possess, use, sell, or funish to another any certificate of birth or certified copy of a certificate of birth knowing that such certificate or certified copy was issued upon a certificate which is false in whole or in part or which relates to the birth of another person, whether living or deceased; or

(5)     Willfully and knowingly furnish or process a certificate of birth or certified copy of a certificate of birth with the knowledge or intention that it be used for the purposes of deception by a person other than the person to whom the certificate of birth relates; or

(6)     Without lawful authority possess any certificate, record, or report, required by this act or a copy or certified copy of such certificate, record, or report knowing same to have been stolen or otherwise unlawfully obtained;

(c)     ~~An offense contained in subsection (b) of this section shall constitute a felony and be punishable by a fine of not more than ten thousand dollars ($10,000.00) or imprisoned not less than one (1) year nor more than five (5) years, or both.~~

*An offense contained in subsection(b) of this section shall be punishable by a fine of not less than fifty dollars ($50.00) or not more than one thousand dollars ($1000.00) or imprisonment in a county jail or workhouse for not more than eleven (11) months and twenty-nine (29) days, or both.*

(i)     Any person who willfully and knowingly refuses to provide information required by this act or regulations adopted hereunder; or willfully and knowingly transports or accepts for transportation, interment, or other disposition a dead body without an accompanying permit as provided in this act; or willfully and knowingly neglects or violates any of the provisions of this act or refuses to perform any of the duties imposed upon him by this act shall be guilty of a misdemeanor and shall be punished by a fine of not more than ~~one thousand dollars ($1,000.00)~~ *fifty dollars ($50.00)* or be imprisoned in a county jail or workhouse for not more than one (1) year, or both for each offense.

SECTION 29. Applicability. The provisions of this act also apply to all certificates of birth, death, marriage, and divorce, dissolution or annulment and reports of fetal death and induced termination of pregnancy previously received by the office of vital records or by any custodian of permanent local records.

SECTION 30. Severability. If any provision of this act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are declared to be severable.

SECTION 31. Repeal. Tennessee Code Annotated, Sections 53-401 through 53-458, inclusive, the same being all of Chapter 4 of Title 53 of Tennessee Code Annotated, are hereby repealed.

SECTION 32. Effective Date. This act shall take effect July 1, 1977.



15

Case 3:19-cv-00328   Document 62-13   Filed 03/09/20   Page 29 of 31 PageID #: 700

| SIGNATURES OF OTHER SPONSORS | FURTHER SENATE ACTION | FURTHER HOUSE ACTION |
|---|---|---|
| | Senate Concurred in | |
| | House Amend # 1— | |
| | 2 - 3 - 4, | |
| | d. 20-19 | |

I hereby certify this document
to be a true and exact copy of
the original document filed in
the Tennessee State Library and
Archives

LEGISLATIVE HISTORY STAFF, TSL&A

Date _February 27, 2020_