UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAYLA GORE; JAIME COMBS; L.G.; and K.N., <br><br> *Plaintiffs*, <br><br> v. <br><br> WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee; and LISA PIERCEY, in her official capacity as Commissioner of the Tennessee Department of Health, <br><br> *Defendants*. | No. 3:19-CV-00328 <br><br> DISTRICT JUDGE RICHARDSON <br> MAGISTRATE JUDGE HOLMES |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, by and through their undersigned counsel of record, respectfully respond to Defendants' Motion for an Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment (Doc. 67), filed on March 18, 2020, as follows:

1. As described in Defendants' Motion, Plaintiffs do not oppose a reasonable extension of Defendants' time to respond to Plaintiffs' Motion for Summary Judgment, such as two weeks, for example, if such an amount of time is necessary to complete briefing in light of the ongoing public health crisis caused by the coronavirus (COVID-19) pandemic.

2. However, Defendants do not appear to seek an extension of time for such purposes. Rather, Defendants seek an extraordinary almost 14-week extension to respond to Plaintiffs' Motion for Summary Judgment "so that they can complete the necessary discovery to adequately prepare a response." Doc. 67 at ¶ 5.

3. Plaintiffs object to such a lengthy and unjustified extension of time.

4. Defendants seek an extraordinary three and a half months extension, pursuant to Rules 6(b) and 56(d), to respond to Plaintiffs' Motion for Summary Judgment, without complying with their burden for such a motion. But "[t]he importance of complying with Rule 56[(d)] cannot be overemphasized." *Cacevic v. City of Hazel Park*, 226 F.3d at 488 (6th Cir. 2000).

5. Federal Rule of Civil Procedure 56(d) allows a court to extend a nonmovant's time to respond to a motion for summary judgment if said nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment. Fed. R. Civ. P. 56(d). Sixth Circuit jurisprudence requires that a party invoking Rule 56(d) "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic*, 226 F.3d at 487; *see also Debicki v. Publix Super Markets, Inc.*, No. 3:17-CV-1355, 2019 WL 199896, at *4 (M.D. Tenn. Jan. 15, 2019); *Heath v. Virginia College*, No. 3:17-CV-366, 2018 WL 4521027 at *4 (E.D. Tenn. Sept. 21, 2018).

6. Moreover, in order "[t]o obtain discovery by a Rule 56(d) motion, the party seeking discovery must submit more than 'bare allegations or vague assertions of the need for discovery.'" *Adams v. Woodall*, No. 3:14-CV-00020, 2015 WL 998324, at *7 (M.D. Tenn. Mar. 4, 2015), *report and recommendation adopted*, No. 3-14-0020, 2015 WL 1549002 (M.D. Tenn. Apr. 7, 2015) (citing *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004)). The Rule 56(d) movant "must state with some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment." *Summers*, 368 F.3d at 887 (internal quotation omitted).

2

Case 3:19-cv-00328    Document 70    Filed 03/24/20    Page 2 of 8 PageID #: 898

7. Here, Defendants' Motion, including the attached Declaration of Dianna Baker Shew, fails to identify any specific facts Defendants intend to elicit via these depositions and further fails to demonstrate how those facts, if collected, "are reasonably expected to create a genuine issue of material fact" to refute Plaintiffs' motion for summary judgment. *Cacevic*, 226 F.3d at 487. In the supporting affidavit from their counsel, Defendants state, in a conclusory manner, that they need an extension "so that they can complete the necessary discovery to adequately prepare a response." Doc. 67-1 at ¶ 6. They further state that, "[a]t a minimum," they "will review the discovery responses received from new plaintiff Jaime Combs, depose all four plaintiffs, and depose the two experts disclosed by Plaintiffs." But, in this context, "mere recitations of conclusory allegations are insufficient." *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017). Defendants do not explain why the discovery they outline in their supporting affidavit is "necessary," nor do they explain with any precision how the requested discovery will help them in opposing summary judgment.

8. Indeed, the affidavit here is more deficient and lacking than those found to be insufficient by the Sixth Circuit in *Summers* and *King*. *See King*, 852 F.3d at 579-80; *Summers*, 368 F.3d at 887; *see also Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999) ("Plaintiff's affidavit makes only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the letter to be discovered."); *Evans v. United States*, No. 3:15-CV-00464, 2017 WL 1208552, at *6 (E.D. Tenn. Mar. 31, 2017) ("Here, the court finds counsel's affidavit fails to make a sufficient showing to warrant the relief requested. The affidavit merely states 'it is essential to our opposition that we be allowed to conduct discovery such that more facts can be developed to rebut the instant motion for summary judgment.'"), *aff'd*, 728 F. App'x 554

3

(6th Cir. 2018); *Estate of Dickey v. Roane Cty., Tenn.*, No. 3:10-CV-297, 2012 WL 6588530, at *1 (E.D. Tenn. Dec. 17, 2012) (holding that plaintiff did not make the "the necessary showing under Rule 56(d)" because affidavit by plaintiff's counsel did "not outline what facts he would obtain that would dispute the facts cited in Defendants' Motion for Summary Judgment").

9. Defendants have not "demonstrated with any particularity what discovery" they need to controvert Plaintiff's version of facts, nor have Defendants "attempted to show how further discovery will refute the legal arguments raised in the motion for summary judgment." *Brooks v. Vision Wheel, Inc.*, No. 11-2697-STA, 2012 WL 1252457, at *3 (W.D. Tenn. Apr. 13, 2012); *see also Kennedy v. Jefferson Cty., Miss.,* No. 5:13-CV-226-DCB-MTP, 2015 WL 778413, at *1 (S.D. Miss. Feb. 24, 2015) ("[T]he party seeking a continuance cannot merely argue the necessity of additional discovery without explaining how specific and as yet undiscovered evidence will create a genuine issue of material fact.").

10. Put simply, Defendants have failed to meet their burden under Rule 56(d).

11. Moreover, because Defendants have failed "to establish what specific facts the discovery would provide, the Court need not consider the Rule 56(d) balancing factors." *United States v. Am. Mercantile Corp.*, No. 11-2371-STA, 2012 WL 12043866, at *3 (W.D. Tenn. June 18, 2012).[1] To be sure, these factors weigh in Plaintiffs' favor.

12. For one, discovery in this case has been ongoing for nine months, which is more than sufficient. *See*, *e.g.*, *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 625 (6th Cir. 2014) (discovery period of "nearly five months" "was a sufficient amount of time for Defendants to

---

[1] These factors are: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests. *See Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995).

conduct some discovery"); *Emmons v. McLaughlin*, 874 F.2d 351, 359 (6th Cir. 1989) ("We do not believe that nine months before entry of summary judgment is necessarily too short a period in which to expect discovery to be completed in a case such as this."). *All* Plaintiffs have fully responded to each of Defendants' discovery requests (namely, interrogatories and requests for production). After nine months of discovery, Defendants have not sought any discovery beyond the aforementioned interrogatories and requests for production and have not noticed any depositions. In addition, Plaintiffs disclosed their experts two months ago. Defendants have allowed this substantial portion of time for expert depositions to pass without noticing any of Plaintiffs' experts for deposition. *See* Doc. 36 at 5. What is more, it is Defendants who have not fully responded to Plaintiffs' requests for production, served more than six months ago.

13. Furthermore, Defendants are incapable of showing how additional and unspecified fact discovery is "essential" to their response to Plaintiffs' motion for summary judgment. That is because Plaintiffs' motion presents issues of law, not fact. *See generally* Docs. 60, 61; *cf. Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 335 (D.P.R. 2018) (granting summary judgment, prior to any discovery, to transgender plaintiffs challenging Puerto Rico's policy prohibiting them from correcting the gender marker on their birth certificates in a manner consistent with their gender identity). Plaintiffs have moved for summary judgment that Tennessee's Birth Certificate Policy is unconstitutional on the grounds that the Policy: (1) violates Plaintiffs' fundamental rights and constitutionally-protected liberty interests to informational and decisional privacy, dignity, and autonomy; (2) the Policy deprives Plaintiffs of equal protection afforded by the Fourteenth Amendment; and (3) the Policy infringes upon Plaintiffs' First Amendment right to free speech. Each of these grounds is based on the facial application of Tennessee's Birth Certificate Policy and its effects of Plaintiffs' constitutional rights.

14. And while discovery in this case has not closed, *see* Doc. 36 at 4-5, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). As a result, "[a] summary judgment motion is not prematurely filed merely because discovery is not complete." *Laredo Ridge Wind, LLC v. Nebraska Pub. Power Dist.*, No. 8:19CV45, 2020 WL 469678, at *3 (D. Neb. Jan. 29, 2020). Here, Plaintiffs' Motion for Summary Judgment raises only questions of law; any material facts are undisputed. Plaintiffs' motion should not be deferred until after the close of discovery when Defendants have failed to identify *what* discovery is needed in order for them to respond and *how* it would affect the Court's consideration of Plaintiffs' motion. *See Sahota v. Cobb*, No. CIV.A. 14-2722, 2015 WL 6835480, at *2 (W.D. La. Nov. 6, 2015) ("Defendants' response that all arguments should be deferred until after the close of discovery is disingenuous when legal issues are presented."). Moreover, by the time Defendants' response is due over three-fourths of the discovery period in this case would have elapsed.

15. Further, given the fact that Plaintiffs' motion turns on legal issues, judicial resources would be preserved by considering Plaintiffs' motion for summary judgment *simultaneously* with Defendants' recently-renewed motion to dismiss (Doc. 65).

16. Lastly, even assuming Defendants are entitled to complete discovery in order for Plaintiffs' motion to be considered (and to be clear, they are not), such a fact does not explain, nor justify Defendants' built-in request for an *additional* six weeks *after* the close of discovery set forth in the Case Management Order in this case (Doc. 36 at 4) in order to respond to Plaintiffs' motion.

17. Plaintiffs are entitled to judgment as a matter of law, and their motion for summary judgment (Doc. 60) is ripe for consideration before the Court. Defendants have not explained how

additional time for discovery will enable them to rebut Plaintiffs' motion. They have failed to meet their burden under Rule 56(d).

For the foregoing reasons, the Court should deny Defendants' requested extension of time. Given the ongoing coronavirus (COVID-19) pandemic, however, Plaintiffs do not oppose a reasonable, limited extension of time for Defendants to complete their response, such as two weeks, should it be necessary.

Dated: March 24, 2020

Respectfully submitted,

*s/ John T. Winemiller*
John T. Winemiller
MERCHANT & GOULD P.C.
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
Phone: (865) 380-5960
Facsimile: (612) 332-9081
JWinemiller@merchantgould.com

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005-3919
Telephone: (212) 809-8585
Facsimile: (212) 809-0055
ogonzalez-pagan@lambdalegal.org

Gavin R. Villareal*
Maddy Dwertman*
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
Phone: (512) 322-2500
Facsimile: (512) 322-2501
gavin.villareal@bakerbotts.com
maddy.dwertman@bakerbotts.com

Tara L. Borelli*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: (404) 897-1880
Facsimile: (404) 897-1884
tborelli@lambdalegal.org

Brandt Thomas Roessler*
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Phone (212) 408-2500
Facsimile: (212) 408-2501
brandt.roessler@bakerbotts.com

Sasha Buchert*
LAMBDA LEGAL DEFENSE AND
    EDUCATION FUND, INC.
1776 K Street NW, Suite 722
Washington, DC 20006
Telephone: (202) 804-6245
sbuchert@lambdalegal.org

Kathryn S. Christopherson*
BAKER BOTTS L.L.P.
1001 Page Mill Rd., Bldg. One, Suite 200
Palo Alto, CA 94304-1007

* *Admitted pro hac vice*

Phone: (650) 739-7500
Facsimile: (650) 739-7699
kathryn.christopherson@bakerbotts.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which provides electronic notice of the filing to all counsel of record, including:

Herbert H. Slatery III
Attorney General and Reporter

Dianna Baker Shew
Senior Assistant Attorney General
dianna.shew@ag.tn.gov
Sara E. Sedgwick
Senior Assistant Attorney General
sara.sedgwick@ag.tn.gov
PO Box 20207
Nashville, TN 37202

This 24th day of March, 2020.

*s/John T. Winemiller*
John T. Winemiller