UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAYLA GORE; JAIME COMBS; L.G.; and K.N.,<br><br>*Plaintiffs*,<br><br>v.<br><br>WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee; and LISA PIERCEY, in her official capacity as Commissioner of the Tennessee Department of Health,<br><br>*Defendants*. | No. 3:19-CV-00328<br><br>DISTRICT JUDGE RICHARDSON<br>MAGISTRATE JUDGE HOLMES |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE
TO FILE CERTAIN EXHIBITS UNDER SEAL**

Plaintiffs, by and through their undersigned counsel and pursuant to Local Rule 5.03, hereby respectfully move for leave to file certain exhibits to their Reply in Support of their Motion for Summary Judgment under seal. In support of this Motion, Plaintiffs state the following.

1. The record in this case is subject to both a Stipulated Protective Order, Doc. 42, and two Orders of Protection Granting Leave for Plaintiffs L.G. and K.N. to Proceed Pseudonymously, Docs. 22 and 23, respectively.

2. The Stipulated Protective Order expressly encompasses as "Confidential Information" "[v]ital records, vital statistics data, and other personal information maintained by Defendants relating to parties and non-parties to this litigation." Doc. 42, at 3.

3. The Stipulated Protective Order specifically requires that the Recipient of documents containing such Confidential Information, when filing such a document with the Court, "shall file the document under seal with an accompanying motion to seal in accordance with Local

1

Rule 5.03 and Section 5.07 of Administrative order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing)." *Id.* at 7. Further, the filer "shall separately file a redacted version of the documents." *Id.*

4. Separately, the Sixth Circuit has explained the difference between protective orders entered pursuant to Rule 26 and orders to seal court records, as well as the "very different considerations" that apply to each. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (further citation omitted).

5. The Sixth Circuit has also recognized that the right of public access to court records is not absolute and that "privacy rights of participants and third parties" is one content-based exception to the rule. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). Still, "the seal itself must be narrowly tailored to serve" the identified compelling reason. *Shane Group*, 2016 WL 3163073, at *3.

6. In support of their Reply in Support of their Motion for Summary Judgment, Plaintiffs intend to file three separate Certificates of Live Birth as issued by the Tennessee Department of Health and as exhibited during the deposition of Defendants' expert witness Mr. Edward Gray Bishop III. The documents will be Exhibits K, L and M to the Declaration of Brandt Thomas Roessler in Support of Plaintiff's Reply in Support of their Motion for Summary Judgment. They are attached here as Exhibits K, L, and M.

7. These three birth certificates relate to non-parties to this litigation and include personal identifying information, such as parentage and date of birth, that would otherwise be non-public and subject to a general expectation of confidentiality.

8. These exhibits are, however, useful to Plaintiffs because they demonstrate the Defendants' policies regarding the correction of birth certificates, a central issue in this litigation.

9. The sealing of these three birth certificates is narrowly tailored to allow the Court to review the exhibits as they pertain to this litigation, while at the same time protecting these non-parties' personal and private information from entering the public domain.

10. To be sure, a "court must balance the strong public interest in accessing the evidence and records relied upon in reaching judicial decisions with the privacy interests of innocent third parties, including whether a third party's information is protected from disclosure by statute or regulation." *Elliott v. Genovese*, No. 3:17-CV-00250, 2019 WL 144185, at *3 (M.D. Tenn. Jan. 9, 2019) (internal quotations omitted). However, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane Grp.,* 825 F.3d 299, 308 (6th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

11. Here, given their nature as birth certificates, virtually all the information contained in each of the exhibits is private, identifying information of "innocent third parties." Sealing these exhibits is proper because they contain "the names and other types of identifying information of persons who are not parties to the case." *Fausz v. NPAS, Inc.*, No. 3:15-CV-00145-CRS-DW, 2017 WL 956597, at *3 (W.D. Ky. Mar. 10, 2017); *see also Vicente-Sapon v. United States*, No. 1:12-CR-106, 2018 WL 2943446, at *1 n.2 (E.D. Tenn. June 12, 2018) (granting leave to file under seal copy of a birth certificate).

12. Each of the birth certificates also contains information, such as the year of an individual's birth, entitled to privacy protections pursuant to Rule 5.2 of the Federal Rules of Civil Procedure. Accordingly, "[t]he court may order that [the] filing be made under seal without redaction." Fed. R. Civ. P. 5.2(d).

13. Therefore, pursuant to the Stipulated Protective Order, Doc. 42, Local Rule 5.03, Federal Rule of Civil Procedure 5.2(d), and the law of the Sixth Circuit, Plaintiffs respectfully request leave to file these three birth certificates under seal.

14. Plaintiffs have consulted with Defendants' counsel, who agree the exhibits "should be filed under seal," as "[t]hey are very confidential, pertain to uninvolved third parties, and cannot be redacted in any meaningful fashion."

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file these documents under seal pursuant to Local Rule 5.03.

*[Remainder of Page Intentionally Blank]*

Dated: May 29, 2020

Respectfully submitted,

*s/ John T. Winemiller*
John T. Winemiller
MERCHANT & GOULD
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
Phone: (865) 380-5960
Facsimile: (612) 332-9081
JWinemiller@merchantgould.com

Gavin R. Villareal*
Maddy Dwertman*
Puneet Kohli*
Samoneh Kadivar*
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
Phone: (512) 322-2500
Facsimile: (512) 322-2501
gavin.villareal@bakerbotts.com
maddy.dwertman@bakerbotts.com
puneet.kohli@bakerbotts.com
samoneh.kadivar@bakerbotts.com

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005-3919
Telephone: (212) 809-8585
Facsimile: (212) 809-0055
ogonzalez-pagan@lambdalegal.org

Brandt Thomas Roessler*
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Phone (212) 408-2500
Facsimile: (212) 408-2501
brandt.roessler@bakerbotts.com

Tara L. Borelli*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: (404) 897-1880
Facsimile: (404) 897-1884
tborelli@lambdalegal.org

Kathryn S. Christopherson*
BAKER BOTTS L.L.P.
1001 Page Mill Rd., Bldg. One, Suite 200
Palo Alto, CA 94304-1007
Phone: (650) 739-7500
Facsimile: (650) 739-7699
kathryn.christopherson@bakerbotts.com

Sasha Buchert*
LAMBDA LEGAL DEFENSE AND
   EDUCATION FUND, INC.
1776 K Street NW, Suite 722
Washington, DC 20006
Telephone: (202) 804-6245
sbuchert@lambdalegal.org

* *Admitted pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which provides electronic notice of the filing to all counsel of record, including:

Herbert H. Slatery III
Attorney General and Reporter

Dianna Baker Shew
Senior Assistant Attorney General
dianna.shew@ag.tn.gov
Sara E. Sedgwick
Senior Assistant Attorney General
sara.sedgwick@ag.tn.gov
PO Box 20207
Nashville, TN 37202

This 29th day of May, 2020.

*s/John T. Winemiller*
John T. Winemiller
