IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| KAYLA GORE; JASON SCOTT; L.G.; and K.N., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:19-cv-00328 |
| WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee; and LISA PIERCEY, in her official capacity as Commissioner of the Tennessee Department of Health, | ) ) ) ) ) ) ) | Judge Eli J. Richardson Magistrate Judge Barbara D. Holmes |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit their response to Plaintiffs' Notice of Supplemental Authority about *Bostock v. Clayton Cty., Ga.,* 140 S. Ct. 1731 (2020).

In *Bostock*, the Supreme Court narrowly held that "an employer who fires someone simply for being homosexual or transgender has discharged or otherwise discriminated against that individual 'because of such individual's sex'" as that term—"discriminate against"—is used in a particular provision of Title VII. *Bostock* at 1753. In reaching that conclusion, the Court found that "discrimination based on homosexuality or transgender status necessarily entails discrimination based on sex; the first cannot happen without the second." *Id.* at 1747. Here, Plaintiffs urge this Court to extend *Bostock* to their Equal Protection claims. The *Bostock* decision, however, said nothing about the Equal Protection Clause of the Constitution. In fact, the Court expressly declined to extend its decision "beyond Title VII to other federal or state laws that

prohibit sex discrimination" and to "other policies and practices" *Id.* at 1753. Indeed, the Court specifically stated that the "only question" at issue was "whether an employer who fires someone simply for being homosexual or transgender has discharged or otherwise discriminated against that individual 'because of such individual's sex' in violation of Title VII. *Id.* In other words, the *Bostock* decision does not alter the constitutional analysis that is required in this case.

In any event, even if *Bostock*'s reasoning extended to the Equal Protection Clause, that would not help Plaintiffs because they have failed to establish the threshold element of unequal treatment. As the State has explained in its previous briefing,[1] no one is allowed to change the sex designation on a Tennessee birth certificate unless it was recorded incorrectly at the time of birth. Plaintiffs are seeking preferential treatment, not equal treatment.

Plaintiffs' reliance on Justice Alito's dissenting opinion in *Bostock* is also misplaced. A dissenting opinion of course does not establish the holding of a case. Nor is it appropriate to rely on a dissenting opinion to determine the meaning of the majority opinion. *See, e.g., United States v. Travers*, 514 F.2d 1171. 1174 (2d Cir. 1974) (Friendly, J.) (cautioning that "Cassandra-like predictions in dissent are not a sure guide to the breadth of the majority's ruling").

---

[1] Defendants' briefing includes their Motion to Dismiss Amended Complaint (Doc. 65), Memorandum of Law in Support of Defendants' Motion to Dismiss Amended Complaint (Doc. 66), and their response to Plaintiffs' Motion for Summary Judgment (Doc. 85). Defendants respectfully request that this Court treat their Motion to Dismiss Amended Complaint as a Motion for Summary Judgment pursuant to Fed. R. Civ P. 12(d). Specifically, Defendants ask that the Court consider their Response to Plaintiffs' Statement of Material Facts (Doc. 86) and Statement of Additional Facts (Doc. 87)—"matters outside the pleadings"—in support of their Motion to Dismiss Amended Complaint to ensure that proper relief is granted to Defendants under Fed. R. Civ. P. 56. Defendants do not submit any additional legal authorities as matters of law have been fully briefed in the above filings.

Respectfully Submitted,

*s/ Dianna Baker Shew*
DIANNA BAKER SHEW     BPR 012793
Senior Assistant Attorney General
(615) 532-1969
dianna.shew@ag.tn.gov
SARA E. SEDGWICK   BPR 004336
Senior Assistant Attorney General
(615) 532-2589
sara.sedgwick@ag.tn.gov
Attorneys for Defendants
P.O. Box 20207
Nashville, TN  37202

*Counsel for the Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 20, 2020 I served the foregoing *Response to Plaintiffs' Notice of Supplemental Authority* via email on the following:

|  |  |
|---|---|
|  | John T. Winemiller (TN 021084)<br>MERCHANT & GOULD<br>9717 Cogdill Road, Suite 101<br>Knoxville, TN 37932<br>Phone: (865) 380-5960<br>Facsimile: (612) 332-9081<br>JWinemiller@merchantgould.com |
| Gavin R. Villareal<br>Maddy Dwertman<br>BAKER BOTTS L.L.P.<br>98 San Jacinto Boulevard, Suite 1500<br>Austin, TX 78701-4078<br>Phone: (512) 322-2500<br>Facsimile: (512) 322-2501<br>maddy.dwertman@bakerbotts.com | Omar Gonzalez-Pagan<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.<br>120 Wall Street, 19th Floor<br>New York, NY 10005-3919<br>Telephone: (212) 809-8585<br>Facsimile: (212) 809-0055<br>ogonzalez-pagan@lambdalegal.org |
| Brandt Thomas Roessler<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, NY 10112-4498<br>Phone (212) 408-2500<br>Facsimile: (212) 408-2501<br>brandt.roessler@bakerbotts.com | Tara L. Borelli<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.<br>730 Peachtree Street NE, Suite 640<br>Atlanta, GA 30318-1210<br>Telephone: (404) 897-1880<br>Facsimile: (404) 897-1884<br>tborelli@lambdalegal.org |
| Kathryn S. Christopherson<br>BAKER BOTTS L.L.P.<br>1001 Page Mill Rd., Bldg. One, Suite 200<br>Palo Alto, CA 94304-1007<br>Phone: (650) 739-7500<br>Facsimile: (650) 739-7699<br>kathryn.christopherson@bakerbotts.com | Sasha Buchert<br>LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.<br>1776 K Street NW, Suite 722<br>Washington, DC 20006<br>Telephone: (202) 804-6245<br>sbuchert@lambdalegal.org |

              *s/ Dianna Baker Shew*
              Dianna Baker Shew

4

Case 3:19-cv-00328   Document 99   Filed 07/20/20   Page 4 of 4 PageID #: 2535