UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KAYLA GORE; JAMIE COMBS; L.G.; and K.N.,<br><br>*Plaintiffs*,<br><br>v.<br><br>WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee; and LISA PIERCEY, in her official capacity as Commissioner of the Tennessee Department of Health,<br><br>*Defendants*. | No. 3:19-CV-00328<br><br>Judge Eli J. Richardson<br>Magistrate Judge Barbara D. Holmes |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully bring to the Court's attention a development in federal law that is highly relevant to this litigation. Yesterday, the United States District Court for the Southern District of Ohio granted the plaintiffs' motion for summary judgment in *Ray v. McCloud*, Case No. 2:18-cv-00272, Slip Op. (S.D. Ohio Dec. 16, 2020) (attached hereto as Exhibit A), an action brought by "four transgender individuals born in Ohio who have been denied the ability to change the sex marker on their birth certificates to reflect their gender identities." *Id.* at 2. As the *Ray* court noted, along with Tennessee, "Ohio is one of only two states that does not allow a transgender person to change the sex marker on their birth certificate." *Id.* at 1.

The *Ray* court found Ohio's birth certificate policy "unconstitutional" and permanently enjoined the defendants "from enforcing their Policy." *Id.* at 28. In particular, the court found the plaintiffs had "submitted sufficient evidence to demonstrate that they have a substantive due process right to informational privacy that protects against the forced disclosure of the unchanged sex marker on their birth certificates," *id.* at 14-15, and that Ohio's birth certificate policy "treats

1

transgendered people differently than similarly situated Ohioans." *Id.* at 17. The court further found "that transgender people are entitled to heightened protection under the Equal Protection Clause as a quasi-suspect class," *id.* at 21, noting that "the lack of binding precedent [from the Supreme Court or Sixth Circuit] does not require this Court to only apply rational basis review, nor does it prevent this Court from relying on well-reasoned opinions of non-binding courts to inform its opinion here." *Id.* at 22.

Lastly, the court found that Ohio's "justifications [for its birth certificate policy] do not even survive rational basis review because there is no logical connection between the Policy and proffered justifications." *Id.* at 26. In particular, the court found the "Defendants have failed to show that their Policy is substantially related to vital statistic preservation and certainly failed to show the Policy is the least restrictive means of achieving that purported goal," noting the defendants could not "explain why permitting someone who is adopted to change the names of their parents on their birth certificate to reflect people other than the individuals identified on the document at birth does not affect the historical accuracy of the document and vital statistics, but changing a sex marker does." *Id.* at 23-24. The court also found the Ohio defendants "failed to justify how their Policy's total prohibition on changing sex markers furthers [the goal of fraud prevention] in the least restrictive means possible, or even that this Policy is substantially related to this goal." *Id.* at 25. The court ultimately concluded that "Defendants' argument that a judicial ruling on this issue will undermine the accuracy of vital statistics or fraud prevention is a red herring." *Id.* at 26.

Dated this 17th day of December, 2020.

2

Respectfully,

*/s/ John T. Winemiller*
John T. Winemiller
MERCHANT & GOULD
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
Phone: (865) 380-5960
Facsimile: (612) 332-9081
JWinemiller@merchantgould.com

Gavin R. Villareal*
Maddy Dwertman*
Puneet Kohli*
Samoneh Kadivar*
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
Phone: (512) 322-2500
Facsimile: (512) 322-2501
gavin.villareal@bakerbotts.com
maddy.dwertman@bakerbotts.com
puneet.kohli@bakerbotts.com
samoneh.kadivar@bakerbotts.com

Omar Gonzalez-Pagan*
LAMBDA LEGAL DEFENSE AND
 EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005-3919
Telephone: (212) 809-8585
Facsimile: (212) 809-0055
ogonzalez-pagan@lambdalegal.org

Brandt Thomas Roessler*
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Phone (212) 408-2500
Facsimile: (212) 408-2501
brandt.roessler@bakerbotts.com

Tara L. Borelli*
LAMBDA LEGAL DEFENSE AND
 EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: (404) 897-1880
Facsimile: (404) 897-1884
tborelli@lambdalegal.org

Kathryn S. Christopherson*
BAKER BOTTS L.L.P.
1001 Page Mill Rd., Bldg. One, Suite 200
Palo Alto, CA 94304-1007
Phone: (650) 739-7500
Facsimile: (650) 739-7699
kathryn.christopherson@bakerbotts.com

Sasha Buchert*
LAMBDA LEGAL DEFENSE AND
 EDUCATION FUND, INC.
1776 K Street NW, Suite 722
Washington, DC 20006
Telephone: (202) 804-6245
sbuchert@lambdalegal.org

* Admitted *pro hac vice*.

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2020, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which provides electronic notice of the filing to all counsel of record, including:

Herbert H. Slatery III
Attorney General and Reporter
Dianna Baker Shew
Senior Assistant Attorney General
dianna.shew@ag.tn.gov
Sara E. Sedgwick
Senior Assistant Attorney General
sara.sedgwick@ag.tn.gov
PO Box 20207
Nashville, TN 37202

*/s/ John T. Winemiller*
John T. Winemiller