IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| KAYLA GORE; JAMIE COMBS; L.G.; and K.N., | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 3:19-cv-00328 |
| WILLIAM BYRON LEE, in his official capacity as Governor of the State of Tennessee; and LISA PIERCEY, in her official capacity as Commissioner of the Tennessee Department of Health, | ) ) ) ) ) ) ) | Judge Eli J. Richardson Magistrate Judge Barbara D. Holmes |
| *Defendants*. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF
SUPPLEMENTAL AUTHORITY (DOC. 102)**

Defendants respectfully submit their response to Plaintiffs' Notice of Supplemental Authority (Doc. 102) regarding *Ray v. McCloud*, Case No. 2:18-cv-00272, Slip Op. (S.D. Ohio Dec. 16, 2020).

In *Ray*, the district court granted summary judgment to four transgender plaintiffs who had challenged on substantive due process and equal protection grounds Ohio's policy of not allowing transgender individuals to change the sex marker on their birth certificates—a policy that was a reversal of the State's previous policy of allowing such changes. *Id.* For several reasons, the *Ray* opinion does not help Plaintiffs in this case.

*First*, the *Ray* court's substantive due process ruling rested on the same legal errors as its earlier decision denying Ohio's motion to dismiss. As Defendants already explained in their Response to Plaintiffs' Motion for Summary Judgment (Doc. 85), the district court improperly

extended *Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998), and *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998), by applying them to factual circumstances that do not implicate the narrow fundamental liberty interests in bodily integrity and sexual privacy. The district court doubled down on that mistake in granting summary judgment.

*Second*, the *Ray* court concluded that the plaintiffs had established a violation of their substantive due process rights based in part on the specific factual record that existed in that case. But that factual record is materially distinguishable from the one here. In *Ray*, a co-worker of one of the plaintiffs "threatened to 'beat [her] ass] if she used a woman's restroom." *Ray*, Case No. 2:18-cv-00272, Slip Op., at 10 (S.D. Ohio Dec. 16, 2020). Here, by contrast, Plaintiffs have not shown that disclosure of their transgender status has caused or would cause any concrete and specific threats of bodily harm. *See* Doc. 85, Page ID # 980-81.

*Third*, the *Ray* court's conclusion that Ohio could not satisfy the applicable level of scrutiny turned on the fact that Ohio previously permitted the sex marker on Ohio birth certificates to be changed but then subsequently reversed course. The court found the "idea that the State of Ohio has a true interest in maintaining historically accurate records . . . undermined by the fact that Ohio permitted transgender people to change the sex marker on their birth certificates until 2016." *Ray*, Case No. 2:18-cv-00272, Slip Op., at 24 (S.D. Ohio Dec. 16, 2020). Unlike Ohio, Tennessee has never permitted changes to the sex marker on Tennessee birth certificates except in those rare instances in which a child's sex is initially unknown or undetermined. And the record in this case clearly establishes the important interests served by Tennessee's accurate recordation of a child's sex at the time of birth.

*Fourth*, the *Ray* court's ruling on the plaintiffs' equal protection claim was flawed in at least two respects. The court erroneously concluded that the threshold requirement of unequal

2

treatment was met by surmising that the plaintiffs were "similarly situated to people who are allowed to change their accurately recorded birth parents or name." *Ray*, Case No. 2:18-cv-00272, Slip Op., at 17 (S.D. Ohio Dec. 16, 2020). But persons who wish to change their *sex designation* are not similarly situated to persons who wish to change the parents or name listed on their birth certificates. And neither cisgender nor transgender persons are allowed to change the sex designation on a Tennessee birth certificate unless it was erroneously recorded at birth. Plaintiffs seek not equal treatment, but more favorable treatment.[1] The *Ray* court also erred in deeming transgender persons a quasi-suspect group. Here, Plaintiffs' own evidence demonstrates that gender identity is *not* an immutable characteristic: their expert, Dr. Randi C. Ettner, admitted that some persons have "detransitioned" by reverting back to living in the sex assigned to them at birth, and that some individuals "don't necessarily have a gender identity that they believe is entirely male or entirely female." *See* Doc. 87, Page ID # 1024-26 (referencing Ettner dep. 27, 116-118); Doc. 88-3, Page ID # 1047, 1164-66.

This Court should decline to follow the district court's non-binding opinion in *Ray* and grant summary judgment in favor of Defendants.

Respectfully Submitted,

*s/ Dianna Baker Shew*
DIANNA BAKER SHEW  BPR 012793
Senior Assistant Attorney General
(615) 532-1969
dianna.shew@ag.tn.gov

SARA E. SEDGWICK  BPR 004336
Senior Assistant Attorney General
(615) 532-2589
sara.sedgwick@ag.tn.gov

---

[1] Indeed, Plaintiffs seek to be treated more favorably even than individuals who are allowed to change the name on their birth certificates, in that they want to be relieved of the usual requirement that a line be drawn through the amended item. *See* Doc. 61, Page ID # 434.

3

MATTHEW F. JONES  BPR 025825
Assistant Attorney General
(615) 532-5817
matt.jones@ag.tn.gov

S. JAE LIM   BPR 034764
Assistant Attorney General
(615) 532-2935
Jae.Lim@ag.tn.gov

P.O. Box 20207
Nashville, TN  37202

*Counsel for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2021, I filed a true and correct copy of the foregoing *Defendants' Response to Plaintiffs' Notice of Supplemental Authority (Doc. 102)* using the Courts CM/ECF system and thereby served the following counsel of record:

John T. Winemiller (TN 021084)
MERCHANT & GOULD
9717 Cogdill Road, Suite 101
Knoxville, TN 37932
Phone: (865) 380-5960
Facsimile: (612) 332-9081
JWinemiller@merchantgould.com

Gavin R. Villareal
Maddy Dwertman
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701-4078
Phone: (512) 322-2500
Facsimile: (512) 322-2501
maddy.dwertman@bakerbotts.com

Omar Gonzalez-Pagan
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, NY 10005-3919
Telephone: (212) 809-8585
Facsimile: (212) 809-0055
ogonzalez-pagan@lambdalegal.org

Brandt Thomas Roessler
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Phone (212) 408-2500
Facsimile: (212) 408-2501
brandt.roessler@bakerbotts.com

Tara L. Borelli
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
730 Peachtree Street NE, Suite 640
Atlanta, GA 30318-1210
Telephone: (404) 897-1880
Facsimile: (404) 897-1884
tborelli@lambdalegal.org

Kathryn S. Christopherson
BAKER BOTTS L.L.P.
1001 Page Mill Rd., Bldg. One, Suite 200
Palo Alto, CA 94304-1007
Phone: (650) 739-7500
Facsimile: (650) 739-7699
kathryn.christopherson@bakerbotts.com

Sasha Buchert
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
1776 K Street NW, Suite 722
Washington, DC 20006
Telephone: (202) 804-6245
sbuchert@lambdalegal.org

*s/ Dianna Baker Shew*
Dianna Baker Shew